IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-10614-GAO |
| | ) |
| VISION BIOSYSTEMS (USA) TRADING INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIMS

Vision BioSystems, Inc. ("Vision") named as defendant in the above-captioned matter, by and through counsel, hereby answers the complaint as follows:

### Parties

1.   Ventana is a corporation organized under the laws of the State of Delaware, with its principal place of business in Tucson, Arizona.

Answer:  Vision lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the complaint and therefore denies the same.

2.   Upon information and belief, defendant Vision BioSystems, Inc. ("Vision") is a corporation organized under the laws of Delaware, with its principal place of business in Norwell, Massachusetts.

Answer:  Vision admits the allegations of paragraph 2 of the complaint.

### Jurisdiction and Venue

3.   This is an action arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction based on 28 U.S.C. §§1331 and 1338(a).  Venue is based on 28 U.S.C. §§1391 and 1400(b).

Answer:  Vision admits that plaintiff Ventana purports to bring this action under the patent laws of the United States, Title 35 of the United States Code.  Vision admits that Ventana purports to base

subject matter jurisdiction on 28 U.S.C. §§1331 and 1338(a).  Vision does not contest venue for purposes of this action.

### Claim for Relief

4.      Ventana is the owner by assignment of U.S. Patent No. 6,352,861 B1 ("the '861 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 5, 2002.  A true and correct copy of the '861 patent is attached hereto as Exhibit A.

Answer:  Vision admits that on its face United States Patent No. 6,352,861 B1 ("the '861 patent"), indicates that it was issued on March 5, 2002 and that Ventana is the assignee.  Vision lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 4 of the complaint and therefore denies the same.

5.      Vision is not licensed under the '861 patent.

Answer:  Vision admits the allegation of paragraph 5 of the complaint.

6.      Vision is infringing the '861 patent by making, using, offering to sell, and/or selling an apparatus known as the Bond OCR.

Answer:  Vision denies the allegations contained in paragraph 6 of the complaint.

7.      Ventana has been damaged by Vision's infringing activities and will be irreparably injured unless such infringing activities are enjoined by the Court.

Answer:  Vision denies the allegations contained in paragraph 7 of the complaint.

8.      Vision's infringement of the '861 patent has been willful, making this case exceptional under 35 U.S.C. §285 and warranting an award of trebled damages under 35 U.S.C. §284.

Answer:  Vision denies the allegations contained in paragraph 8 of the complaint.

### Separate and Affirmative Defenses

1.      The manufacture, use, offer to sell, and/or sale of the apparatus known as the Bond OCR does not infringe any valid claim of the '861 patent.

2. The manufacture, use, offer to sell, and/or sale of the apparatus known as the Bond OCR does not induce infringement of any valid claim of the '861 patent.

3. The manufacture, use, offer to sell, and/or sale of the apparatus known as the Bond OCR does not contribute to the infringement of any valid claim of the '861 patent.

4. Some or all of the claims of the '861 patent are invalid because they fail to satisfy the provisions of one or more of Sections 101, 102, 103 or 112 of Title 35 of the United States Code.

5. The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Vision prays that this Court enter judgment

A. Dismissing the complaint with prejudice and denying each and every prayer for relief contained therein;

B. Declaring that the commercial manufacture, use, offer to sell and sale of the apparatus known as the Bond OCR does not infringe any valid claim of the '861 patent;

C. Declaring the '861 patent invalid;

D. Declaring that this case is exceptional within the meaning of 35 U.S.C. §285 and that all costs and expenses of this action, including reasonable attorneys fees, be awarded to Vision;

E. Awarding to Vision such further relief as this Court may deem necessary, just or proper.

## COUNTERCLAIM

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction of the counterclaims under 28 U.S.C. §§2201, 1331 and 1338.

2. Venue is proper under 28 U.S.C. §§1391 and 1400(b).

3. This Court has personal jurisdiction over plaintiffs.

4. Vision BioSystems, Inc. ("Vision") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Norwell, Massachusetts.

5. Upon information and belief Ventana Medical Systems, Inc., ("Ventana") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Tucson, Arizona.

### First Counterclaim for Declaratory Judgment of Noninfringement

6. Vision repeats and realleges the allegations of paragraphs 1-5 of its counterclaims as if set forth herein.

7. In its complaint, Ventana asserts that it is the owner of the '861 patent.

8. In its complaint, Ventana asserts that Vision's manufacture, use, offer for sale or sale of the instrument known as the Bond OCR infringes the '861 patent.

9. There is an actual and continuing controversy between Vision and Ventana with respect to the validity and scope of certain claims of the '861 patent.

10. The manufacture, use, offer to sell or sale of Vision's Bond OCR does not infringe any valid claim of the '861 patent.

### Second Counterclaim for Declaratory Judgment of No Inducement to Infringe or Contributory Infringement

11. Vision repeats and realleges the allegations of paragraphs 1-10 of its counterclaims as if set forth herein.

12. The manufacture, use, offer to sell or sale of Vision's Bond OCR will not induce or contribute to the infringement of any valid claim of the '861 patent.

**Third Counterclaim for Declaratory Judgment of Invalidity of the '861 Patent**

13. Vision repeats and realleges the allegations of paragraphs 1-12 of its counterclaims as if set forth herein.

14. The '861 patent is invalid for failure to satisfy the provisions of one or more of Sections 101, 102, 103 or 112 of Title 35 of the United States Code.

WHEREFORE, Vision respectfully requests that this Court enter the following relief:

a. A declaratory judgment that the manufacture, use, offer to sell or sale of Vision's Bond OCR will not literally or under the doctrine of equivalents infringe directly, or indirectly any claim of the '861 patent;

b. A declaratory judgment that the '861 patent is invalid;

c. A declaratory judgment that this is an exceptional case under 35 U.S.C. §285 and awarding Vision its attorneys fees and costs and expenses of this action; and

d. Such further relief as this Court may deem necessary, just and proper.

DATED: May 19, 2005

Respectfully submitted,

By:  /s/ Christine M. Roach
Christine M. Roach BBO # 421630
ROACH & CARPENTER PC
24 School Street
Boston, Massachusetts 02108
(617) 720-1800

E. Anthony Figg
Elizabeth A. Leff
Richard Wydeven
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Plaintiff*
*Vision BioSystems (USA) Trading Inc.*