IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISION BIOSYSTEMS (USA) TRADING INC., <br><br> Defendant. | Civil Action No. 05-CV-10614-GAO |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Ventana Medical Systems, Inc. ("Ventana") named as plaintiff in the above-captioned matter, by and through counsel, hereby answers Defendant's Counterclaims as follows:

### DEFENDANT'S COUNTERCLAIMS

#### Jurisdiction and Venue

1. Ventana admits the allegations contained in paragraph 1.

2. Ventana admits the allegations contained in paragraph 2.

3. Ventana admits the allegations contained in paragraph 3.

4. Ventana admits the allegations contained in paragraph 4.

5. Ventana admits the allegation contained in paragraph 5 to the extent that it is a corporation organized under the laws of the State of Delaware with a principal place of business in Tucson, Arizona.

### First Counterclaim for Declaratory Judgment of Noninfringement

6.  Ventana repeats and realleges its answers to paragraphs 1-5 as if set forth herein.

7.  Ventana admits the allegations contained in paragraph 7.

8.  Ventana admits the allegations contained in paragraph 8.

9.  Ventana denies the allegations contained in Paragraph 9 of the Counterclaim.

10. Ventana denies the allegations contained in Paragraph 10 of the Counterclaim.

### Second Counterclaim for Declaratory Judgment of No Inducement to Infringe or Contributory Infringement

11. Ventana repeats and realleges the answers to paragraphs 1-10 as if set forth herein.

12. Ventana denies the allegations contained in Paragraph 12 of the Counterclaim.

### Third Counterclaim for Declaratory Judgment of Invalidity of the '861 Patent

13. Ventana repeats and realleges the answers to paragraphs 1-12 as if set forth herein.

14. Ventana denies the allegations contained in Paragraph 14 of the Counterclaim.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Vision is infringing the '861 Patent by making, using, offering to sell, and/or selling an apparatus known as Bond OCR.

### Second Affirmative Defense

Vision has contributed to the infringement of the '861 Patent.

### Third Affirmative Defense

Vision has induced infringement of the '861 Patent.

### Fourth Affirmative Defense

The '861 Patent is valid and enforceable.


WHEREFORE, Ventana respectfully requests that this Court enter the following relief:

a. Dismissing the counterclaims of the defendant with prejudice and denying each and every prayer for relief contained therein.

DATED: June 9, 2005                    Respectfully submitted,

By: /s/ Robert H_____

Brian L. Michaelis (BBO #555159)
Robert L. Harris (BBO #644829)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Jeffrey N. Danis (BBO #113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965

Of counsel:

Ron E. Shulman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
(415) 947-2000

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Answer to Defendant's Counterclaims were served, via hand delivery and Federal Express on counsel for Defendants in this matter on this 9th day of June, 2005.

**(Via Federal Express)**
Elizabeth A. Leff, Esquire
Rothwell, Figg, Ernst & Manbeck
1425 K Street, NW, Suite 800
Washington, D.C. 20005

**(Via Hand Delivery)**
Christine M. Roach, Esquire
Roach & Carpenter, PC
24 School Street
Boston, MA 02108

_____
Robert L. Harris

# 1364481 v1 - HAIGHTGS - 021160/0012