IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VENTANA MEDICAL SYSTEMS, INC.,

    Plaintiff,

v.

VISION BIOSYSTEMS, INC.,

    Defendant.

CIVIL ACTION NO. 05-CV-10614-GAO

**STIPULATION AND PROPOSED ORDER**

WHEREAS, the plaintiff Ventana Medical Systems, Inc. ("Ventana") has moved for a preliminary injunction in this matter claiming that Vision's Bond OCR infringes U.S. Patent No. 6,352,861 B1 ("the '861 patent");

WHEREAS, the Court has consolidated this case ("*Vision II*") with *Vision BioSystems (USA) Trading Inc., v. Ventana Medical Systems, Inc.*, Civil Action No. 03-CV-10391-GAO ("*Vision I*") and set the consolidated case for an expedited trial on the merits starting on November 28, 2005, thereby rendering disposition of Ventana's motion for preliminary injunction presently unnecessary;

WHEREAS, the parties have agreed to bifurcate the issues of damages and willfulness from the upcoming trial on the merits in the consolidated case;

WHEREAS, the parties had previously agreed to the cross-designation of documents produced in *Vision I* in this matter subject to the same designations and to be treated in accord with the protective order entered in *Vision I*;

WHEREAS the parties have agreed to a discovery schedule with respect to the *Vision II* case;

IT IS HEREBY STIPULATED by the parties to this action, subject to the order of the Court, as follows:

1. The parties may seek discovery relevant to Ventana's claim that the Bond OCR infringes the '861 patent and such other topics as permitted by Court Order, subject to the following conditions.

2. Documents requested on or before July 11, 2005 shall be produced by August 10, 2005.

3. Fed. R. Civ. P. Rule 26(a)(1) disclosures shall be served by August 15, 2005.

4. Responses to interrogatories and requests for admission, which were served on or before July 11, 2005, shall be served by August 15, 2005.

5. Fact discovery shall be completed on or before September 23, 2005.

6. Vision shall make (a) a Bond OCR available for inspection and (b) a corporate witness to speak on its behalf pursuant to Fed. R. Civ. P. Rule 30(b)(6) regarding the function and operation of the Bond OCR on September 6, 2005.

7. Expert reports by the party with the burden of proof shall be served no later than September 29, 2005.

8. Responsive expert reports shall be served no later than October 19, 2005.

9. Expert discovery shall be completed on or before November 8, 2005.

10. Both parties shall cooperate to allow completion of expedited discovery within the aforementioned time frames, including making witnesses available promptly.

11. Given the November 28 trial date, the parties agree that disposition of plaintiff's motion for preliminary injunction is currently unnecessary and, therefore, request that it be removed from the Court's calendar, subject to reinstatement should Ventana so request. The parties also agree that discovery directed to issues uniquely related to that motion (such as irreparable harm and balancing of the harms) and further briefing directed to plaintiff's motion are not necessary or appropriate. Should the current trial be re-scheduled, and Ventana requests that its motion for preliminary injunction be put back on the Court's calendar, the parties shall cooperate to allow expedited discovery directed to issues uniquely related to that motion and to set a schedule for such expedited discovery and further briefing related to plaintiff's motion.

12. This stipulation and the modification of dates herein shall not be used by any party to assert the lack of diligence or delay by any party.

13. The documents produced in *Vision I* shall be deemed produced in *Vision II*, with each party reserving all objections. The Stipulated Protective Order entered in *Vision I* shall control the exchange of confidential information in *Vision II*, except that Jeffrey N. Danis, who is in-house counsel for Ventana Medical Systems, Inc., will not have access to confidential Vision financial, customer and/or marketing information (*e.g.*, sales, revenues, costs, profits, margins, sales or marketing projections and plans, and actual or projected market penetration) produced by Vision in *Vision II* and bearing the designation "VISION FINANCIAL INFORMATION FOR OUTSIDE COUNSEL AND EXPERTS EYES ONLY". Ventana may challenge the propriety of any documents designated "VISION FINANCIAL INFORMATION FOR OUTSIDE COUNSEL AND EXPERTS EYES ONLY" under the same terms that confidentiality designations may be challenged under the Stipulated Protective Order entered in *Vision I*.

| VENTANA MEDICAL SYSTEMS, INC. | VISION BIOSYSTEMS, INC. |
|---|---|
| /s/ Brian Michaelis | /s/ Christine Roach |
| Brian L. Michaelis (BBO #555159) | Christine M. Roach (BBO #421630) |
| BROWN RUDNICK BERLACK ISRAELS, LLP | ROACH & CARPENTER PC |
| One Financial Center | 24 School Street |
| Boston, Massachusetts 02111 | Boston, Massachusetts 02108 |
| (617) 856-8200 | (617) 720-1800 |
| | |
| Jeffrey N. Danis (BBO #113880) | Of counsel: |
| VENTANA MEDICAL SYSTEMS, INC. | E. Anthony Figg |
| 1910 Innovation Park Drive | Elizabeth A. Leff |
| Tucson, Arizona 85737 | ROTHWELL, FIGG, ERNST & MANBECK |
| (520) 229-3965 | 1425 K Street, NW, Suite 800 |
| | Washington, DC 20005 |
| Of counsel: | (202) 783-6040 |
| Ron E. Shulman | |
| Roger J. Chin | |
| WILSON SONSINI GOODRICH & ROSATI | |
| 650 Page Mill Road | |
| Palo Alto, California 94304 | |
| (650) 493-9300 | |

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas 78759-7247
(512) 338-5400

## ORDER

Based on the foregoing stipulation, IT IS SO ORDERED.

Dated: _____                    _____
                                       HON. GEORGE A. O'TOOLE
                                       UNITED STATES DISTRICT JUDGE