IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VISION BIOSYSTEMS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 05-CV-10614-( ) |

**EMERGENCY MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND FOR
EXTENSION OF DEADLINE FOR EXPERT REPORTS**

In July, the Court consolidated this case with *Vision BioSystems (USA) Trading Inc.,* v *Ventana Medical Systems, Inc.*, Civil Action No. 03-CV-10391-GAO ("*Vision I*") and set the consolidated case for an expedited trial on the merits starting on November 28, 2005. To faci  te this expedited trial date, the parties entered into a stipulated and very expedited discovery sch  le and expressly agreed to "cooperate to allow completion of expedited discovery within the aforementioned time frames". *See* Stipulation and Proposed Order of August 9, 2005 (Docke Entry No. 16). However, Vision has not "cooperated to allow completion of expedited discov ". In fact, Vision has refused to produce highly relevant documents, with no explanation and, in  ie cases, after expressly agreeing to their production. Vision's refusal and/or unexplained delay producing these documents until the end of fact discovery[1] and after the completion of deposit  s of Vision and its employees has severely prejudiced Ventana's ability to obtain fact discovery  l threatens to prejudice Ventana's ability to meet the September 29 deadline for Ventana's expe reports.[2]

---

[1] Fact discovery is set for completion tomorrow September 23, 2005.

[2] The parties have agreed to a seven (7) calendar extension for the expert report of Te Williams due to his hospitalization last week which is the subject of an *Agreed Motion Extension for Certain Expert Reports*, filed concurrently herewith. This is a separate extensi from the extension which is the subject of the present motion.

Therefore, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Ventana Medical Systems, Inc. ("Ventana") hereby moves the Court to compel Defendant Vision Biosystems, Inc. ("Vision") to produce the following highly relevant documents repeatedly requested of Vision in this case:

1. Machine Readable Source Code for Vision's Bond Systems

2. All Service Manuals and User Manuals, including Updated Manuals, any Manuals for the Slide Labelers and Draft Service Manuals with Comments in Electronic Draft

3. Bond Installation and Documentation CDs and Customer Release Notes

4. Documents received by Vision from Jadak Technologies, Inc. regarding Jadak FM-204 Imager used in Vision's Bond OCR systems

5. Documents showing U.S. and International Customer Satisfaction or Dissatisfaction with Bond OCR

6. Software Verification Reports

7. Information regarding allegedly Privileged Documents withheld by Vision

8. Omitted Information in Response to Ventana's Interrogatory No. 7

These documents go to the heart of Ventana's infringement claim and are necessary for Ventana to prepare its expert reports which are currently due next week. Vision's unreasonable and unexplained refusal to produce these highly relevant materials is severely prejudicing Ventana's ability to prepare its expert reports. Therefore, Ventana also requests an extension to the deadline for expert reports until a reasonable time after Vision has produced these documents.

**1. Machine Readable Source Code For Vision's Bond (03.02.04 software) and Bond OCR (03.02.07 and 03.03.03 software) Systems**

Over a month ago, on August 16, Vision agreed to produce its source code for Vision's Bond (03.02.04 software) and Bond OCR (03.02.07 and 03.03.03 software) systems in electronic

2

machine-readable format, after having produced over fourteen (14) boxes of source code in paper. *See* Michaelis Decl.[3] Exs. 3 & 4. However, Vision still has not done so, despite repeated requests from Ventana and the entry of an agreed protective order by this Court to safeguard its production. *See* Michaelis Decl. Exs. 3, 6, 7, 10; Stipulation and Proposed Order of August 9, 2005 (Docket No. Entry 16).

The machine-readable code is necessary for Ventana to understand the specifics of the operation of the Bond systems and to analyze the differences between the Bond system judged to infringe Ventana's U.S. Patent No. 6,352,861 as a matter of law in *Vision I*, and the Bond OCR system which is the subject of Ventana's infringement claim in this case. Given the extremely short amount of time that Ventana has to analyze the code, Ventana cannot analyze the differences by poring over fourteen boxes of printed code. Time for analysis becomes shorter every day, and Ventana relied on Vision's August 16 representation that it would provide machine-readable code. Vision's last minute reversal on production of this highly relevant code severely prejudices Ventana's ability to prepare its expert reports on infringement currently due next week.

    2.    **All Service and User Manuals, Including Updated Manuals, any Manual for the Slide Labelers and Draft Service Manuals With Comments In Electronic Drafts**

Vision has failed to produce at least the following service and user manuals related to the accused Bond OCR systems: the Bond OCR service manuals referred to in Michaelis Decl. Ex. 14 (page 2-3, under heading 7.3) and 15 (page 9, under heading 7.2); the Bond User manual released with Bond V3_2 (Jaws) software, the 21_7509_DRAFT_C01_2_Bond Service Manual *with substantive comments showing* (either in hard or electronic copy) and any manual for the labelers used in the Bond-OCR systems. The existence of these documents is confirmed by

---

[3] "Michaelis Decl." refers to the *Declaration of Brian L. Michaelis in Support of Plaintiff's Emergency Motion to Compel Production of Documents and for Extension of Deadline for Expert Reports*, filed herewith.

Vision's production, the deposition of Vision corporate representative Paul Sorenson, and yesterday's deposition of Lloyd Stedman, Director of Service and Support in the US for Vision.

All manuals were responsive to Ventana's document requests, and then missing manuals were specifically and repeatedly requested in correspondence dated September 2, September September 16 and September 19-21. *See* Michaelis Decl. Exs. 1, 8, 10, 12, 13. These manuals are needed to evaluate the function and operation of the accused Bond OCR systems, any differences in operation between the infringing Bond system and the accused Bond OCR systems, as well the descriptions of and instructions given to users and customers regarding the Bond OCR by Vision. Ventana continues to be prejudiced by Vision's unexplained refusal to produce these manuals.

### 3.    Bond Installation and Documentation CDs and Customer Release Notes

Vision has failed to produce any customer release notes and the following CDs related its accused Bond OCR systems: Bond Instrument Install Package CD, Bond Documentation Package CD, and Bond Data Update Package CD. These release notes and CDs are responsive to Ventana's document requests. *See* Michaelis Decl. Ex. 1. These documents and things are also referred in Michaelis Decl. Exs. 14 (page 1, under heading 4, and page 2, under heading 6) and 15 (page under heading 4, page 3, under heading 6.1, and page 9, under heading 6(b)). Despite Vision failure to produce these CDs, Vision's Director of Service and Support, Mr. Stedman, recently testified in deposition that these customer release notes and CDs exist. Ventana needs these documents to prepare its expert reports of infringement.

### 4.    Documents Received from Jadak regarding Jadak's FM-204 Imager Used the Bond OCR

Vision has admitted that its Bond OCR employs a third party bar code reader/imager – FM-204 made by Jadak Technologies, Inc. – in its Bond OCR system. The Jadak product apparently facilitates the reading of 1D and 2D/OCR bar codes in the Bond OCR system. The function and operation of the Jadak product in the Bond OCR is thus highly relevant to the

4

question of whether the Bond OCR infringes the '861 patent. Despite Ventana's repeated requests, however, *see* Michaelis Decl. Exs. 10 and 13, Vision has failed to produce any documents received from Jadak regarding that imager. Ventana needs these documents to discover how the Jadak product was understood and intended to function in Vision's Bond OCR, and has been prejudiced by Vision's failure to produce such documents.

5. **Documents Showing U.S. and International Customer Satisfaction or Dissatisfaction With the Bond OCR**

Ventana has repeatedly requested that Vision produce documents showing U.S. and international customers' satisfaction or dissatisfaction with the Bond OCR system. *See* Michaelis Decl. Exs. 12 and 13. These documents are responsive to Ventana's document requests, and were specifically requested again at the deposition of Vision's corporate representative, Ross Barrow, and yet have not been produced in their entirety. *See* Michaelis Decl. Ex. 1. Instead, Vision cherry picked only a few select documents related to the operation of the Bond OCR at its North facility. These documents are particularly relevant as the Bond OCR can be, and in some cases, operated in "bar code reader" mode with 1D bar codes on slides. Customer satisfaction or dissatisfaction with the Bond OCR operating in its various modes is thus relevant to the interchangeability of 1D and OCR bar codes on slides.

6. **Software Verification Reports**

Ventana has repeatedly requested production of software verification reports. Such reports are responsive to Ventana's document requests, were specifically requested at the deposition of Vision's corporate representatives, Ross Barrow and Paul Sorenson, and then were requested again in correspondence since these depositions. *See* Michaelis Decl. Exs. 1, 12 and 13.

7. **Information Regarding Allegedly Privileged Documents Withheld By Vision**

Vision has withheld certain documents on the grounds of attorney-client privilege, without providing sufficient information to allow Ventana to evaluate the applicability of the privilege even sufficient to justify the assertion of privilege. For example, Vision has withheld documents

5

on the grounds of attorney-client privilege where such documents were not sent to or from attorneys, or were sent to many apparently non-attorney recipients, or where the recipients are not clearly identified, or were sent to or from third party independent contractors that Vision has refused to produce for deposition. *See* Michaelis Decl. Ex. 11. Ventana has repeatedly requested that Vision provide information sufficient to permit Ventana to evaluate Vision's assertion of privilege. *See* Michaelis Decl. Ex. 11 and 13. Vision's delay in providing such information is severely prejudicing Ventana's ability to discover such documents, if the privilege is not applicable, or to use them during depositions and in consulting with experts.

8. **Omitted Information In Response To Ventana's Interrogatory No. 7**

By way of interrogatory, Ventana has asked Vision to "identify every person who has participated in or contributed to the conception, research, design, development, engineering, testing, or manufacture of the use of optical character recognition in the Bond System, and for each person state the nature and extent of his or her participation or contribution and the time period periods during which he or she so participated or contributed." *See* Michaelis Decl. Ex. 2. A review of documents produced in this case has given Ventana reason to believe that Vision's response omitted the names of a number of individuals. Ventana has identified these individuals and specifically requested that Vision update its interrogatory response to include the individuals and to verify that responsive documents had been collected from these individuals. *See* Michaelis Decl. Exs. 5 and 9. Despite this request, Vision has refused to update its interrogatory response with the requested information. Ventana is entitled to assurance that Vision has complied with obligations in discovery to produce relevant, responsive information.

**RELIEF REQUESTED**

Because the aforementioned discovery is highly relevant to the question of the Bond O's infringement of the '861 patent, and because Vision has refused or unreasonably delayed production of these documents, Plaintiff Ventana requests that Vision be compelled to produce each of these documents immediately.

6

Plaintiff Ventana also requests the Court to extend the due date for Plaintiff's expert reports where Plaintiff has the burden of proof, until the later of two weeks after Vision produces to Ventana all source code for the Bond and Bond OCR systems in electronic, machine-readable format, or one week after Vision certifies that it has produced all responsive documents and information in this case, including those specifically requested in items 2-8 above.

VENTANA MEDICAL SYSTEMS, INC.

By its attorneys,

/s/ Brian Michaelis

Brian L. Michaelis (BBO#555159)
Robert L. Harris (BBO #644829)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Jeffrey N. Danis (BBO #113880) (Pro Hac Vice)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965

Of counsel:

Ron E. Shulman (Pro Hac Vice)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

Roger J. Chin (Pro Hac Vice)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000

Nicole W. Stafford (Pro Hac Vice)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8911 Capital of Texas Highway North
Westech 360, Suite 3350

Austin, Texas 78759-8497
Telephone: (512) 338-5400

Dated: September 22, 2005          Attorneys for Plaintiff

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Local Rule 7.1(A)(2) that prior to filing t[his] paper the parties have conferred and attempted in good faith to resolve or narrow the issues presented herein.

*/s/ Brian L. Michaelis*
Brian L. Michaelis

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion to Co[mp]el Production of Documents and for Extension of Deadline for Expert Reports was served, via h[and] delivery and e-mail on counsel for Vision Biosystems, Inc. in this matter on this 22nd day of September, 2005.

| (Via E-Mail) | (Via Hand Delivery) |
|---|---|
| Elizabeth A. Leff, Esquire | Christine M. Roach, Esquire |
| Rothwell, Figg, Ernst & Manbeck | Roach & Carpenter, PC |
| 1425 K Street, NW, Suite 800 | 24 School Street |
| Washington, D.C. 20005 | Boston, MA 02108 |

*/s/ Brian L. Michaelis*
Brian L. Michaelis

# 1389376 v1 - HARRISRL - 021160/0012