## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

VENTANA MEDICAL SYSTEMS, INC.,

     Plaintiff,

     v.

VISION BIOSYSTEMS, INC.,

     Defendant.

CIVIL ACTION NO. 05-CV-10614-( )

## DECLARATION OF BRIAN L. MICHAELIS IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND R EXTENSION OF DEADLINE FOR EXPERT REPORTS

I, Brian L. Michaelis, declare as follows:

1.     I am an attorney with BROWN RUDNICK BERLACK ISRAELS LLP, One Financial Center, Boston, Massachusetts 02111, (617) 856-8200.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Ventana M   cal Systems, Inc.'s First Set of Requests for Production of Documents and Things.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Set  Interrogatories.

4.     Attached hereto as Exhibit 3 is a true and correct copy of a letter from Nicole Stafford to Elizabeth A. Leff dated August 15, 2005.

5.     Attached hereto as Exhibit 4 is a true and correct copy of a letter from Elizabe  A. Leff to Nicole W. Stafford dated August 16, 2005.

6.     Attached hereto as Exhibit 5 is a true and correct copy of a letter from Sarah I Zimmerman to Elizabeth A. Leff dated August 23, 2005.

7.     Attached hereto as Exhibit 6 is a true and correct copy of a letter from Nicole Stafford to Elizabeth A. Leff dated August 24, 2005.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a letter from Nicole Stafford to Elizabeth A. Leff dated September 1, 2005.

9.      Attached hereto as Exhibit 8 is a true and correct copy of a letter from Nicole Stafford to Elizabeth A. Leff dated September 2, 2005 regarding a proposed stipulation and deficiencies in Vision's production.

10.     Attached hereto as Exhibit 9 is a true and correct copy of a letter from Nicole Stafford to Elizabeth A. Leff dated September 2, 2005 regarding Vision's Response to Vent: 's Interrogatory No. 7.

11.     Attached hereto as Exhibit 10 is a true and correct copy of a letter from Nicol /. Stafford to Elizabeth A. Leff dated September 12, 2005.

12.     Attached hereto as Exhibit 11 is a true and correct copy of a letter from Nicol /. Stafford to Elizabeth A. Leff dated September 14, 2005.

13.     Attached hereto as Exhibit 12 is a true and correct copy of a letter from Nicol /. Stafford to Elizabeth A. Leff dated September 16, 2005.

14.     Attached hereto as Exhibit 13 is a true and correct copy of an email correspor ice between Nicole W. Stafford and Elizabeth A. Leff beginning on September 19, 2005 and en: ¿ on September 21, 2005.

15.     Attached hereto as Exhibit 14 is a true and correct copy of  VBS-OCR 589-9: ¡B Bond 3.02.07.

16.     Attached hereto as Exhibit 15 is a true and correct copy of VBS-OCR 20-30 ´ } Bond 3.3.

I declare under penalty of perjury that the preceding statements are true and correct t e best of my knowledge, information and belief on this 22nd day of September, 2005.

Brian L. Michaelis

2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Local Rule 7.1(A)(2) that prior to filing paper the parties have conferred and attempted in good faith to resolve or narrow the issues presented herein.

Brian L. Michaelis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Declaration of Brian L. Michaelis in Support of Plaintiff's Emergency Motion to Compel Production of Documents a    for Extension of Deadlline for Expert Reports was served, via hand delivery and e-mail on couns    'or Vision Biosystems, Inc. in this matter on this 22nd day of September, 2005.

(Via E-Mail)
Elizabeth A. Leff, Esquire
Rothwell, Figg, Ernst & Manbeck
1425 K Street, NW, Suite 800
Washington, D.C. 20005

(Via Hand Delivery)
Christine M. Roach, Esquire
Roach & Carpenter, PC
24 School Street
Boston, MA 02108

Brian L. Michaelis

# 1389319 v1 - HARRISRL - 021160/0012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., | CIVIL ACTION NO. 05-CV-10614-GAO |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| VISION BIOSYSTEMS, INC., | |
| Defendant. | |

Please take notice that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ventana Medical Systems, Inc. requests that Defendant Vision Biosystems, Inc. produce for inspection and copying the documents and things described below within 30 days of service of this request. The production of documents and things shall occur at the offices of Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

1

## DEFINITIONS AND INSTRUCTIONS

1.      "VISION BIOSYSTEMS," "VISION," "YOU" or "YOUR" means Vision BioSystems, Inc. and/or its (i) affiliates, predecessors-in-interest, successors-in-interest, subsidiaries, and assigns, including without limitation Vision Systems Limited, Vision Biosystems (USA) Trading, Inc., and Vision BioSystems Limited; (ii) present and former officers, directors, agents, employees, representatives, accountants, financial advisors, investigators, consultants, and attorneys; and (iii) any other PERSON acting or purporting to act on behalf of the foregoing entity, or on whose behalf foregoing entity acted or purported to act.

2.      "VENTANA" means plaintiff Ventana Medical Systems, Inc.

3.      "PATENT IN SUIT" means U.S. Patent No. 6,352,861.

4.      "VISION I" as used herein refers to *Vision Biosystems (USA) Trading, Inc. v. Ventana Med. Sys., Inc.*, CA No. 03-10391-GAO.

5.      "BOND SYSTEM" as used herein means any or all versions of YOUR Bond, Bond - X and Bond - maX automated staining instruments and systems, including without limitation any or all instruments or related components, hardware and software, or any part thereof or accessory thereto.

6.      "AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT" as used herein means any device, system, pipette, reagent, reagent vial, slide, slide label, bar code label, bar code labeler, slide label reader, slide label scanner, washer, buffer, detection kit, detection chemistry, or other accessory or replacement parts for use therewith that may be used in automated biological staining.

7.      "OCR" means optical character recognition.

8.      "BOND - OCR" as used herein means any or all versions of YOUR "re-engineered" Bond, Bond - X and Bond - maX automated staining instruments and systems that include any means or devices employing OCR technology, or any slides or slide labels incorporating characters readable using, or designed to be read using OCR

2

technology, including without limitation the Bond system referred to in YOUR supplemental response to Interrogatory No. 15 in VISION I or in statements by YOUR counsel at the Status Conference of January 12, 2005 in VISION I, and any or all instruments or related components, hardware and software, or any part thereof or accessory thereto.

9.    "ID SCANNER" means any device capable of reading optical encoded information including bar code and OCR labels, specifically including the "ID Scanner" employed in the BOND – OCR.

10.    "DOCUMENT" as used herein shall have the broadest meaning accorded by Federal Rule of Civil Procedure 34, including without limitation all items defined in Federal Rule of Evidence 1001, and all preliminary and final drafts of any such items. The term "DOCUMENT" shall further mean and include all copies of DOCUMENTS on which there appear any marking which does not appear on the originals or other copies thereof, and all drafts or notes made in the preparation of each DOCUMENT. The term "DOCUMENT" shall further mean and include all electronic data in whatever form it may exist.

11.    "PERSON" means any natural person, company, corporation, partnership, firm, association, government agency or other organization cognizable at law, and its agents and employees.

12.    "COMMUNICATION" means any transmission of information from one person or entity to another, including without limitation any of the following:

(a) any letter, memorandum or other DOCUMENT;

(b) any electronic mail messages or electronic text messaging;

(c) any telephone call between two or more PERSONS, whether or not such call was by chance or prearranged, formal or informal; and

(d) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal.

3

13.    "IDENTIFY" as used herein means the following:

(a) With respect to a natural person to provide: full name; present or last known business address and telephone number; present or last known residential address and telephone number; and occupation and business position or title held.

(b) With respect to a legal or business entity, to provide: full name; place of incorporation or organization (if any); principal place of business; and identification of any representative of such entity who has knowledge relating to any information in connection with which such entity has been identified.

(c) With respect to any DOCUMENT or thing, to provide: the date the DOCUMENT or thing bears or was prepared or transmitted; the identity of each PERSON who authored, signed, created or prepared the DOCUMENT or thing; the identity of each addressee and recipient of the DOCUMENT or thing; its title and general character (subject matter); the number of pages in the DOCUMENT; the identity of the PERSONS having possession, custody or control of the original or copies of the DOCUMENT or thing; the present location of the DOCUMENT or thing; and for each DOCUMENT or thing that YOU contend is privileged, immune or otherwise excludable from discovery, the basis for such claim of privilege, immunity or exclusion (in sufficient detail for the Court to rule on such claim) and whether YOU would be willing to produce such DOCUMENT or portions of such DOCUMENT under a suitable protective order.

14.    "RELATING TO" includes referring to, alluding to, responding to, commenting on, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting or setting forth.

15.    The use of the singular form of any word includes the plural and vice versa.

4

16.    The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

17.    The DOCUMENTS shall be produced by category as designated in this request, and each DOCUMENT shall be produced in such a fashion as to indicate clearly the identity of the file in which it was located. All DOCUMENTS are to be produced as they are kept in the usual course of business so that VENTANA can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

18.    If YOU know of the existence, past or present, of any DOCUMENT described in the following requests, but are unable to produce such DOCUMENT because it is not presently in YOUR possession, custody or control, please IDENTIFY each and every such DOCUMENT, state that it is not presently in YOUR possession, custody or control and state what disposition was made of it, by whom, the date(s) or approximate date(s) on which such disposition was made, why such disposition was made, and IDENTIFY the PERSON(S) who now has or may have possession, custody of control of the DOCUMENT.

19.    If any DOCUMENT described in the following requests has been modified or altered in any way, in whole or in part, please IDENTIFY each such DOCUMENT, state how the DOCUMENT was modified or altered, the PERSON who modified or altered the DOCUMENT, when the DOCUMENT was modified or altered and why the DOCUMENT was modified or altered.

20.    If YOU assert any privilege in responding to this request, DESCRIBE IN DETAIL in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto and IDENTIFY, to the fullest extent short of waiver, all DOCUMENTS as to which YOU claim a privilege.

5

21.    In the event YOU object to any request set forth below on the basis of a contention that it is overbroad for any reason, please respond to the request as narrowed in such a way as to render it not overbroad in YOUR opinion and state the extent that YOU have narrowed the request for purposes of YOUR response.

22.    The requests contained herein shall be deemed to be continuing; that is, YOU must supplement YOUR responses if YOU obtain any additional DOCUMENTS or things between the time the responses to these requests are served and the time of trial. Such additional responses shall be served and additional DOCUMENTS be produced from time to time, but not later than thirty days after such additional DOCUMENTS are discovered, obtained or received.

## DOCUMENTS REQUESTED

1.    All DOCUMENTS RELATING TO engineering or technical specifications, flowcharts, manuals or guides referring to, describing, documenting or relating to the functionality, operation, structure or architecture of the BOND - OCR.

2.    All draft, proposed or final specifications for the BOND – OCR.

3.    All source code used in, or written for use in, the operation of the BOND – OCR.

4.    All DOCUMENTS RELATING TO engineering or technical specifications, flowcharts, manuals and guides referring to, describing, documenting or relating to the functionality, operation, structure or architecture of any ID SCANNER used or included in the BOND - OCR.

5.    All DOCUMENTS RELATING TO the use of optical character recognition technology to read information on a slide or other device used for mounting or containing biological material.

6

6.    All DOCUMENTS RELATING TO the use of optical character recognition technology in any AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT, including, without limitation, the BOND – OCR.

7.    All DOCUMENTS RELATING TO the use of an ID SCANNER in the BOND – OCR.

8.    All DOCUMENTS RELATING TO the manufacture, functionality and specifications of any ID SCANNER used in the BOND – OCR.

9.    All DOCUMENTS RELATING TO any alternatives to bar codes or bar code scanners, in any AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT.

10.    All DOCUMENTS RELATING TO any similarities, differences or comparisons between the use of or reading of bar codes, and the use of optical character recognition.

11.    All DOCUMENTS RELATING TO the issue or question of whether the use of optical character recognition in any AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT, infringes or would infringe or would be judged to infringe the patent in suit, whether literally or under the doctrine of equivalents.

12.    All DOCUMENTS RELATING TO any sales, projected or anticipated sales or offers to sell the BOND – OCR.

13.    All minutes or records of meetings of your directors, officers and/or employees where the BOND - OCR was discussed, or where optical character recognition was discussed.

14.    All DOCUMENTS RELATING TO costs and profits associated with or projected for the BOND – OCR, including DOCUMENTS RELATING TO calculations of such costs and profits.

15.    All DOCUMENTS distributed to customers or potential customers relating to the BOND – OCR.

16.    All DOCUMENTS RELATING TO marketing of the BOND – OCR.

17.    All DOCUMENTS RELATING TO competitive information, market share, and competitive analyses and projections RELATING TO the BOND – OCR and any other AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT.

18.    All DOCUMENTS RELATING TO any advantages resulting from sales or projected sales of the BOND – OCR, including, without limitation, any increased sales, or commitments for sales, of other products, including reagents.

19.    All DOCUMENTS RELATING TO any expected or projected costs, impact, harm resulting from any injunction against the BOND – OCR.

20.    All DOCUMENTS reviewed, relied upon, provided to or received from any expert or other person who may testify at any hearing regarding, or provide a declaration, affidavit or expert report or statement to support YOUR opposition to, VENTANA's *Motion for Preliminary Injunction*, including all communications with any such person and all drafts, mark-ups, red-lines, and revisions of any such declaration, affidavit or expert report or statement.

21.    All DOCUMENTS RELATING TO VENTANA's *Motion for Preliminary Injunction*, including all documents supporting or controverting YOUR opposition to VENTANA's *Motion for Preliminary Injunction*.

22.    ALL DOCUMENTS RELATING TO any demonstrations, placements, loans, leases, or sales of the BOND – OCR to any customer or potential customer in the United States.

23.    All DOCUMENTS RELATING TO, reviewed in preparing, or supporting or controverting your responses to Plaintiff's Interrogatory Nos. 1-18.

8

DATED this 11th day of July, 2005.

Brian L. Michaelis (BBO #555159)
Robert L. Harris (BBO #644829)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Jeffrey N. Danis (BBO #113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965

Of counsel
Ron E. Shulman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

*Attorneys for Plaintiff*
*Ventana Medical Systems, Inc.*

COPY of the foregoing hand-delivered
this 11th day of July, 2005, to:

Christine M. Roach (BBO # 421630)
ROACH & CARPENTER PC
24 School Street
Boston, Massachusetts  02108
(617) 720-1800

Courtesy Copy of the foregoing delivered via facsimile
this 11th day of July, 2005, to:

E. Anthony Figg
Elizabeth A. Leff
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC  20005
(202) 783-6040

*Attorneys for Defendant*
*Vision BioSystems, Inc.*

# 1374850 v1 - HARRISRL - 021180/0012

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

VENTANA MEDICAL SYSTEMS, INC.,

      Plaintiff,

    v.

VISION BIOSYSTEMS, INC.,

      Defendant.

CIVIL ACTION NO. 05-CV-10614-GAO

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Please take notice that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Ventana Medical Systems, Inc. requests that Defendant Vision Biosystems, Inc. answer the following interrogatories under oath within 30 days of service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1.    "VISION BIOSYSTEMS," "VISION," "YOU" or "YOUR" means Vision BioSystems, Inc. and/or its (i) affiliates, predecessors-in-interest, successors-in-interest, subsidiaries, and assigns, including without limitation Vision Systems Limited, Vision Biosystems (USA) Trading, Inc., and Vision BioSystems Limited; (ii) present and former officers, directors, agents, employees, representatives, accountants, financial advisors, investigators, consultants, and attorneys; and (iii) any other PERSON acting or purporting to act on behalf of the foregoing entity, or on whose behalf foregoing entity acted or purported to act.

2.    "VENTANA" means plaintiff Ventana Medical Systems, Inc.

3.    "PATENT IN SUIT" means U.S. Patent No. 6,352,861.

1

4.    "VISION I" as used herein refers to *Vision Biosystems (USA) Trading, Inc. v. Ventana Med. Sys., Inc.*, CA No. 03-10391-GAO.

5.    "BOND SYSTEM" as used herein means any or all versions of YOUR Bond, Bond - X and Bond - maX automated staining instruments and systems, including without limitation any or all instruments or related components, hardware and software, or any part thereof or accessory thereto.

6.    "AUTOMATED BIOLOGICAL STAINING DEVICE OR RELATED PRODUCT" as used herein means any device, system, pipette, reagent, reagent vial, slide, slide label, bar code label, bar code labeler, slide label reader, slide label scanner, washer, buffer, detection kit, detection chemistry, or other accessory or replacement parts for use therewith that may be used in automated biological staining.

7.    "OCR" means optical character recognition.

8.    "BOND - OCR" as used herein means any or all versions of YOUR "re-engineered" Bond, Bond - X and Bond - maX automated staining instruments and systems that include any means or devices employing OCR technology, or any slides or slide labels incorporating characters readable using, or designed to be read using OCR technology, including without limitation the Bond system referred to in YOUR supplemental response to Interrogatory No. 15 in VISION I or in statements by YOUR counsel at the Status Conference of January 12, 2005 in VISION I, and any or all instruments or related components, hardware and software, or any part thereof or accessory thereto.

9.    "ID SCANNER" means any device capable of reading optical encoded information including bar code and OCR labels, specifically including the "ID Scanner" employed in the BOND – OCR.

10.   "DOCUMENT" as used herein shall have the broadest meaning accorded by Federal Rule of Civil Procedure 34, including without limitation all items defined in Federal Rule of Evidence 1001, and all preliminary and final drafts of any such items.

2

The term "DOCUMENT" shall further mean and include all copies of DOCUMENTS on which there appear any marking which does not appear on the originals or other copies thereof, and all drafts or notes made in the preparation of each DOCUMENT. The term "DOCUMENT" shall further mean and include all electronic data in whatever form it may exist.

   11. "PERSON" means any natural person, company, corporation, partnership, firm, association, government agency or other organization cognizable at law, and its agents and employees.

   12. "COMMUNICATION" means any transmission of information from one person or entity to another, including without limitation any of the following:

     (a) any letter, memorandum or other DOCUMENT;

     (b) any electronic mail messages or electronic text messaging;

     (c) any telephone call between two or more PERSONS, whether or not such call was by chance or prearranged, formal or informal; and

     (d) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal.

   13. "IDENTIFY" as used herein means the following:

     (a) With respect to a natural person to provide: full name; present or last known business address and telephone number; present or last known residential address and telephone number; and occupation and business position or title held.

     (b) With respect to a legal or business entity, to provide: full name; place of incorporation or organization (if any); principal place of business; and identification of any representative of such entity who has knowledge relating to any information in connection with which such entity has been identified.

     (c) With respect to any DOCUMENT or thing, to provide: the date the DOCUMENT or thing bears or was prepared or transmitted; the identity of each PERSON who authored, signed, created or prepared the DOCUMENT or thing; the

3

identity of each addressee and recipient of the DOCUMENT or thing; its title and
general character (subject matter); the number of pages in the DOCUMENT; the
identity of the PERSONS having possession, custody or control of the original or copies
of the DOCUMENT or thing; the present location of the DOCUMENT or thing; and for
each DOCUMENT or thing that YOU contend is privileged, immune or otherwise
excludable from discovery, the basis for such claim of privilege, immunity or exclusion
(in sufficient detail for the Court to rule on such claim) and whether YOU would be
willing to produce such DOCUMENT or portions of such DOCUMENT under a
suitable protective order.

     14.    "RELATING TO" includes referring to, alluding to, responding to,
commenting on, regarding, explaining, supporting, discussing, showing, describing,
reflecting, analyzing, constituting or setting forth.

     15.    The use of the singular form of any word includes the plural and vice
versa.

     16.    The terms "and" as well as "or" shall be construed disjunctively as well as
conjunctively as necessary in order to bring within the scope of the following
interrogatories all information which might otherwise be construed to be outside their
scope.

     17.    If you assert any privilege in responding to any interrogatory, describe in
detail in each instance the type of privilege asserted, the basis for the assertion, all facts
relied upon in support of the claim of privilege or related thereto and identify, to the
fullest extent short of waiver, all information as to which you claim a privilege.

     18.    The interrogatories contained herein shall be deemed to be continuing;
that is, you must supplement your responses if you obtain any additional information
between the time the responses to these interrogatories are served and the time of trial.
Such additional responses shall be served from time to time, but not later than thirty
days after such additional information is discovered, obtained or received.

4

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the manufacturer and model of the "ID scanner" mentioned on page 2-4 of the Bond User Manual, Rev. B01.

**INTERROGATORY NO. 2:**

Describe in detail all design changes made in connection with the "re-engineering" mentioned by YOUR counsel on page 6, line 16 of the January 12, 2005 Status Conference transcript in VISION I.

**INTERROGATORY NO. 3:**

Describe in detail all differences in design between the BOND – OCR and the devices found to infringe the PATENT IN SUIT in the September 30, 2004 Memorandum and Order in VISION I.

**INTERROGATORY NO. 4:**

Identify all fact witnesses that you expect to call to testify in opposition to VENTANA's *Motion for Preliminary Injunction*, and for each witness state the substance of any facts or opinions to which each witness is expected to testify.

**INTERROGATORY NO. 5:**

Identify all expert witnesses you expect to call to testify in opposition to VENTANA's *Motion for Preliminary Injunction*, and for each witness:

(a)    Provide their qualifications to testify as experts;

(b)    State the subject matter on which each expert is expected to testify;

(c)    State the substance of the facts and opinions to which each expert is expected to testify;

(d)    With respect to any opinion stated in response to (c), state all grounds for each such opinion and identify all documents or things considered in forming each such opinion, whether relied upon or not;

5

    (e)    Identify all actions or administrative proceedings in which each experts has testified or been retained as an expert; and

    (f)    Identify all patents issued to each expert and all publications, books or other materials authored by each expert.

**INTERROGATORY NO. 6:**

Identify all persons that formulated a belief or opinion that the BOND - OCR, or the use of optical character recognition technology, does not fall within the scope of the claims of the PATENT IN SUIT.

**INTERROGATORY NO. 7:**

Identify every person who has participated in or contributed to the conception, research, design, development, engineering, testing, or manufacture of the use of optical character recognition in the BOND SYSTEM, and for each person state the nature and extent of his or her participation or contribution and the time period or periods during which he or she so participated or contributed.

**INTERROGATORY NO. 8:**

Identify every person who has participated in or contributed to the marketing or sale of the BOND - OCR system, and for each person state the nature and extent of his or her participation or contribution and the time period or periods during which he or she so participated or contributed.

**INTERROGATORY NO. 9:**

Identify all changes or revisions to all manuals or specifications RELATING TO the use of optical character recognition in the BOND SYSTEM or the BOND - OCR.

**INTERROGATORY NO. 10:**

Identify any opinion of counsel on which you intend to rely in opposing VENTANA's *Motion for Preliminary Injunction*.

**INTERROGATORY NO. 11:**

Describe in detail the origin and manner in which YOU decided to use optical character recognition in the BOND - OCR.

**INTERROGATORY NO. 12:**

Identify in detail any demonstrations, placements, loans, leases, or sales of the BOND – OCR to any customer or potential customer in the United States, including the identity of the customer or potential customer, date, terms or proposed terms including any consideration received by YOU, and any related products.

**INTERROGATORY NO. 13:**

With respect to the statement: "Ventana is precluded by the doctrine of prosecution history estoppel from claiming equivalents to the use of slide bar codes" (as set forth on page 17 of Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories, served January 10, 2005 in VISION I), explain in detail the basis for such statement and identify all persons and documents YOU relied on in forming the basis of such statement.

**INTERROGATORY NO. 14:**

If YOU believe or contend that VENTANA is not likely to succeed in its claim that the BOND – OCR likely infringes the PATENT IN SUIT, explain in detail the basis for such belief and identify all persons and documents YOU rely on in forming such belief.

**INTERROGATORY NO. 15:**

If YOU believe or contend that VENTANA is not likely to succeed in its claim that PATENT IN SUIT is likely valid and enforceable, explain in detail the basis for such belief and identify all persons and documents YOU rely on in forming such belief.

7

**TERROGATORY NO. 16:**

If YOU believe or contend that VENTANA would not be irreparably harmed by the entry of a preliminary injunction as requested in VENTANA's *Motion for Preliminary Injunction,* explain in detail the basis for such belief and identify all persons and documents YOU rely on in forming such belief.

**INTERROGATORY NO. 17:**

If YOU believe or contend that the balance of hardships does not favor granting VENTANA's *Motion for Preliminary Injunction,* explain in detail the basis for such belief and identify all persons and documents YOU rely on in forming such belief.

**INTERROGATORY NO. 18:**

If YOU believe or contend that the interest of the public does not favor granting VENTANA's *Motion for Preliminary Injunction,* explain in detail the basis for such belief and identify all persons and documents YOU rely on in forming such belief.

DATED this 11th day of July, 2005.

Brian L. Michaelis (BBO #555159)
Robert L. Harris (BBO #644829)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Jeffrey N. Danis (BBO #113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965

Of counsel
Ron E. Shulman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

8

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

*Attorneys for Plaintiff*
*Ventana Medical Systems, Inc.*

COPY of the foregoing hand-delivered
this 11th day of July, 2005, to:

Christine M. Roach (BBO # 421630)
ROACH & CARPENTER PC
24 School Street
Boston, Massachusetts 02108
(617) 720-1800

Courtesy Copy of the foregoing delivered via facsimile
this 11th day of July, 2005, to:

E. Anthony Figg
Elizabeth A. Leff
ROTHWELL, FIGG, ERNST & MANBECK
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Defendant*
*Vision BioSystems, Inc.*

9



Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Highway    h
Westech 360, Suite    0
Austin, TX 7875    17
PHONE 512.33:    )0
FAX 512.33:    19

www.ws    m
Nicole W.    ford
Internet: nstafford@v    com
Direct Dial: 512-:    ;402

August 15, 2005

**VIA FACSIMILE NO. (202) 783-6031**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

>     **Re:** *Vision BioSystems (USA) Trading, Inc. v. Ventana Medical Systems, Inc.*
>     **District of Mass. 03 CV 10391 GAO ("*Vision I*"); *Ventana Medical Systems, Inc.*
>     *Vision BioSystems, Inc.*, District of Mass. 05-CV-10614-GAO ("*Vision II*")**
>     **Our Ref. 6270.511 and 515**

Dear Elizabeth:

We have received approximately fourteen (14) boxes of source code from Vision – eleven (1 boxes in response to requests for production served in *Vision II* and three (3) boxes in response to requests served in *Vision I*. Given the volume of source code and the expedited discovery schedule *Vision II*, we request that Vision immediately produce machine-readable, electronic copies of this co Therefore, please produce no later than August 18, 2005 machine-readable, electronic copies of all s  ce code produced in *Vision I* and *II* (including all .h, .c, and .cpp files as well as any .def, .txt, .mak or similar files). Specifically, please include electronic copies of such files representing at least the information produced at:

o  Bates range nos. 04362-06854 (06855-06857 intentionally left blank), 06858-07502, 07503-08371, 08372-09729, 09730-10422, 10423-10711, 10712-11432, 11433-11918, 11919-1215    1 *Vision I*; and

o  Bates range nos. 08843-10222, 10223-13568, 13569-16872, 16873-20399, 20400-23741, 23    2-27233, 27234-30499, 30500-33816, 33817-36980, 36981-39813, 59900-62312, 62313-6622 66223-69982, 69983-73847, and 73848-74668 in *Vision II*.

Such electronic files are within the scope of Ventana's previously served document requests. If Vis    is unwilling to produce these files, please let me know when you are available to meet and confer on t issue tomorrow or August 17, 2005.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Nicol W. Stafford

Nicole W. Stafford

```
** JOB STATUS REPORT                      AS OF  AUG 15   05  6:12 PM  PAGE. 01


        JOB #093
    DATE   TIME          TO/FROM        MODE   MIN/SEC   PGS   STATUS
001  8/15  6:11P      912027836031 G3--S   00' 44"   002     OK
```

W**S**GR  Wilson Sonsini Goodrich & Rosati
        PROFESSIONAL CORPORATION

**Date: August 15, 2005**

To: Elizabeth A. Leff                         **Fax:** 202-783-6031          ☒ Use this fax
                                                                              number only
**Company:** Rothwell, Figg, Ernst & Manbeck P.C.   **Phone:** 202-783-6040   ☐ Notify recipient
                                                                              before sending

**From:** Nicole W. Stafford          **Phone:** 512-338-5402       **Return Fax:** 512-338-5499

**Original:** ☒ To follow via mail   ☐ To follow via courier   ☐ To follow via email   ☐ Original will not follow

**Fax Contains:** _2_ pages (including this sheet). If incomplete, call 512-527-5563.

**Message:**

Ref: 6270.515                    Return Original to: M. Fields                    Location: AU-3

8911 Capital of Texas Hwy. North, Westech 360, Suite 3350, Austin, Texas 78759-8497
512.338.5400 Tel • 512.338.5499 Fax • www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender and destroy all copies.

Entire Transmission Copyright © 2003 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

2489001_1.DOC (431)

(none visible)



# ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

August 16, 2005

*Via Facsimile*

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

Martha Cassidy,
Thomas E. McK
Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callanc
C. Nichole Giffc
Patrick T. Skace.
Brian S. Rosenbl
Monica C. Kitts
Brian A. Tollefsc
Joo Mee Kim*
Steven M. Giov:
Hyunkweon Ryu
R. Elizabeth Bret
Adam M. Treibe:

*Not Admitted i

Nicole Stafford, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360
Suite 3350
Austin, Texas 78759-8497

    Re:    Ventana Medical Systems, Inc. v. Vision BioSystems Inc.
           District of Mass. 05-CV-10614-GAO
           Our Ref.: 2961-102

Dear Nicole:

    This will respond to your letter of last night regarding your request that Vision provide
machine readable electronic copies of the source code identified in your letter. We are currently
having a DVD/CD created with the source code documents you have identified. The DVD/CD
will be available tomorrow morning and we will send it to you by Federal Express tomorrow. If
you have any questions please give me a call.

                                    Very truly yours,

                                    Elizabeth A. Leff

EAL:whc
Stafford.L04.wpd

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

One Mar   treet
Spear Tower, S   3300
San Francisco, CA 94   1126
PHONE 415.   2000
FAX 415.   2099

www   .com

SARAH R. ZIMMERMAN
Direct Dial: (415) 947-2024
Internet: SZimmerman@wsgr.com

August 23, 2005

*Via Facsimile*

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

                    Re:    *Ventana v. Vision*, **05-CV-10614-GAO**

Dear Ms. Leff:

        We believe that at least the following individuals are missing from Vision's unverified
answer to Interrogatory No. 7, dated August 15, 2005:

        Ludwik Wojtaszak
        Andrew Ellis
        Sacha Dophiede
        Brian Wisniewsji
        John Stubbs
        Albert Yeoh
        Con Papandreou
        Benjamin Palumbo
        Robert Hopkins
        Mark Ward

        We would like a revised response to this Interrogatory, as well as Vision's reassurance
that responsive documents/information have been collected from the above individuals and
produced to Ventana. Please direct your response to Nicole Stafford.

                                Sincerely,

                                WILSON SONSINI GOODRICH & ROSATI
                                Professional Corporation

                                Sarah R. Zimmerman

SRZ/jr

2712758_1.DOC

PALO ALTO    AUSTIN    KIRKLAND    NEW YORK    RESTON    SALT LAKE CITY    SAN FRANCISCO

# MESSAGE CONFIRMATION

08/23/2005  19:37
ID=WILSON SONSINI SF

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|------|-------|--------|---|
| 08/23 | 00'42" | 202-783-6031 | CALLING | 02 | OK | 000 |

08/23/2005    19:36    WILSON SONSINI SF → 912027836031                    NO.7        001

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Date: August 23    05

**To:** Elizabeth A. Leff, Esq.            **Fax:** (202) 783-6031        ☒ Use this fa
                                                                           number on
**Company:** Rothwell, Figg, Ernst & Manbeck    **Phone:** (202) 783-6040    ☐ Notify reci
                                                                           before ser

**From:** Sarah Zimmerman        **Phone:** 415-947-2000        **Return Fax:** 415-947-2099

**Original:** ☐ To follow via mail    ☐ To follow via courier    ☐ To follow via email    ☒ Original will not foll

**Fax Contains:** 2 pages *(including this sheet).* If incomplete, call Janet at 415-947-2131.

**Message:**

Please see attached.

Ref: 6270.515            Return Original to: Janet Rodriguez            Location    -33

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Highwa·     rth
Westech 360, Sui     50
Austin, TX 787!     i97

PHONE 512.3:     i00
FAX 512.3.     i99

www.»     om

Nicole W. St;     d
Internet: nstafford@wsg     n
Direct Dial: 512-338     2

August 24, 2005

**VIA FACSIMILE NO. (202) 783-6031**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:** *Vision BioSystems (USA) Trading, Inc. v. Ventana Medical Systems, Inc.*
> **District of Mass. 03 CV 10391 GAO ("*Vision I*"); *Ventana Medical Systems,*
> *Inc. v. Vision BioSystems, Inc.*, District of Mass. 05-CV-10614-GAO ("*Vision*
> *II*")**
> **Our Ref. 6270.511 and 515**

Dear Elizabeth:

The disk sent to me by Nasri V. B. Hage of your office, in response to my letter of
August 15 requesting machine readable electronic copies of certain source code, does not contain
machine readable source code. It contains hundreds of .tif files, many of which are not even
pictures of source code files.

Please immediately produce machine readable electronic copies of the source code that I
requested in my letter of August 15. If this presents a problem, let's discuss the issue tomorrow
during our meet and confer.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Nicole W. Stafford w/ pe ission
David P lmer

Nicole W. Stafford

```
** JOB STATUS REPORT **                    AS OF   AUG 24 2005  9:16 PM  PAGE.01


      JOB #180
     DATE  TIME           TO/FROM        MODE   MIN/SEC   PGS   STATUS
001   8/24  9:15P        912027836031 G3--S   00'41"   002     OK
```

WSGR Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Date: August 24, 2005

**To:** Elizabeth A. Leff                       **Fax:** 202-783-6031            ☒ Use this fax number only

**Company:** Rothwell, Figg, Ernst & Manbeck P.C.    **Phone:** 202-783-6040    ☐ Notify recipient before sending

**From:** Nicole W. Stafford          **Phone:** 512-338-5402        **Return Fax:** 512-338-5499

**Original:** ☐ To follow via mail    ☐ To follow via courier    ☐ To follow via email    ☐ Original will not follow

**Fax Contains:** _2_ pages (including this sheet). If incomplete, call 512-527-5563.

**Message:**

**Ref:** 6270.515                   Return Original to: M. Fields                   Location: AU-3

8911 Capital of Texas Hwy. North, Westech 360, Suite 3350, Austin, Texas 78759-8497
512.338.5400 Tel · 512.338.5499 Fax · www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender and destroy all copies.

Entire Transmission Copyright © 2003 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

2499001_1.DOC (430)

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy. N
Westech 360, Suite
Austin, Texas 78759-

PHONE 512.338.
FAX 512.338.5

www.wsgr

Nicole W. Sta
Internet: nstafford@wsg1
Direct Dial: 512-338-

September 1, 2005

**VIA EMAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:** *Vision BioSystems (USA) Trading, Inc. v. Ventana Medical Systems, Inc.*
> **District of Mass. 03 CV 10391 GAO ("*Vision I*"); *Ventana Medical Systems, Inc.*
> *Vision BioSystems, Inc.*, District of Mass. 05-CV-10614-GAO ("*Vision II*")**
> **Our Ref. 6270.511 and 515**

Dear Elizabeth:

This letter addresses issues raised in our recent meet and confers regarding various discover
disputes between the parties.

1. Regarding our request for machine readable source code for the previous infringing Bond syste:
and the Bond-OCR, you agreed to produce these files this week and in advance of the Vision
depositions. Please call me (512.694.7060) so that we may discuss where you should send this
source code. I will be traveling tomorrow and over the weekend in advance of next Tuesday's
deposition and Monday is a holiday.

2. Regarding the issue of validity discovery in *Vision II*, it remains Ventana's position that validit:
discovery is closed. Ventana's document production was properly responsive to Vision's
discovery requests and not an attempt to re-open validity discovery. However, we can confirm      t
Ventana will not be relying on the recently-produced financial documents to support the validit    f
the '861 patent in exchange for Vision's agreement to not call Dr. Horne or anyone not disclos(    n
*Vision I* as a witness to testify on matters of patent validity. We can also confirm that we will
similarly not be relying on any file history documents in Ventana's recent production. Please
confirm that Vision agrees to the foregoing.

3. Regarding the customer use stipulation, I will send a revised stipulation tomorrow with a list of
discovery that Ventana will forego if agreement is reached thereon.

4. Regarding depositions, please provide dates for individual depositions of G. Timbs and C.
Zawadski and a Vision corporate witness on the remaining topics in Ventana's 30(b)(6) notice
Vision, including topics related to customer use if no agreement on item 2 is reached.

Elizabeth A. Leff, Esq.
September 1, 2005
Page 2

5. Regarding the proposed depositions of Mr. Manley, Mr., Sherak, and Mr. Stephens, we agreed t
   provide additional information as to their knowledge of the Bond-OCR and to confirm whether
   not we would be bringing them to trial. We can confirm that Ventana will not bring these
   individuals to trial if Vision will forego their depositions. We provide the following informatio
   regarding their knowledge:

   - Mr. Stephens has seen the Bond-OCR system in operation in the facilities of U.S. Labs. whi
     providing customer service and support for Ventana's system that is kept in the same room :
     the Bond-OCR at U.S. Labs. Mr. Stephens obtained the Bond-OCR manual from U.S. Labs

   - Similarly, Mr. Manley and Mr. Sherak have seen the Bond-OCR system in the facilities of
     AmeriPath while providing customer service and support for Ventana's system that is kept i
     the same room as the Bond-OCR at AmeriPath. Mr. Sherak recalls only seeing the Bond-O
     once with Mr. Manley and does not believe it was performing staining runs at the time. Mr
     Manley has seen the Bond-OCR more than once when he regularly provides customer supp
     and service to the Ventana system. Mr. Manley and Mr. Sherak recall a brief (less than 10
     minute) discussion with AmeriPath's pathology supervisor in early 2005 who informed the
     that AmeriPath was still evaluating the Bond-OCR.

   - It is my understanding that these individuals have only cursory knowledge of the Bond-OC
     and do not have any "hands on" experience with it.

   Given the limited knowledge of these individuals, please confirm whether or not Vision still w:
   to proceed with their depositions. If so, Mr. Sherak is available for deposition on September 2
   Atlanta; Mr. Manley is available for deposition on September 22 or 23 (although we are still
   confirming whether this would be in Baltimore or Tucson); and Mr. Stephens is available for
   deposition on September 22 in Tucson. Further, please supplement Vision's disclosures and
   discovery responses to include sales and service personnel who have seen the Bond-OCR syste    n
   Vision's customers location and the relevant locations and also provide a Vision corporate witr
   to testify as to Vision's communications and interactions with present and potential customers
   regarding the parties' respective products. Please let me know Vision's intentions so that we n
   make appropriate preparations for these depositions.

6. Regarding Topic 5 for the corporate deposition of Ventana – statements made to Ventana
   customers relating to Bond OCR – we agreed to investigate whether any such statements were
   made and let you know. We are not aware of any statements other than general queries made
   during the limited interactions of Mr. Sherak, Mr. Manley, and Mr. Stephens discussed above.
   None of these individuals recalled making any representations regarding the Bond-OCR, inclu    ;
   any representations as to whether or not it infringed any of Ventana's patents. If Vision is still
   interested in deposing Ventana on this topic, we expect that Vision will provide a corporate
   deposition to testify on similar matters for Vision during next week's scheduled depositions.

Elizabeth A. Leff, Esq.
September 1, 2005
Page 3

Please let me know Vision's intentions so that we may make appropriate preparations for these depositions.

7. Regarding Vision's objections to topic no. 9 of Ventana's First Notice of Deposition of Vision, Ventana requested testimony from Vision on "[t]he utility and advantages of the BOND-OCR c previous manual and automated staining instruments and systems, including any advantages of BOND-OCR over BOND SYSTEM." Vision objected on the basis that the topic was irrelevant the issues, and in our conversations since then, you requested that I provide you some case law support Ventana's contention that any utility or advantages of the Bond - OCR are relevant to infringement under the doctrine of equivalents.

In *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 544 (Fed. Cir. 1998), the Federal Circuit upheld a verdict of non-infringement under the doctrine of equivalents, and in holding that the difference between the claims and the non-infringing product were substantial, cited expert testimony regarding certain advantages of the non-infringing product over a product that came within the scope of the patent claims. *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 119 F.3d 16 1997 WL 368380 (Fed. Cir. 1997) (unpublished) is in accord.

Please confirm that Vision will provide a witness on topic no. 9 during the scheduled deposition Vision in Boston.

8. Regarding our requests for changes to manuals and specifications for the previous infringing B system and the Bond-OCR, you agreed to attempt to identify red-lines or documents within Vision's possession, custody or control showing changes to manuals and specifications. Please produce any such documents. To the extent Vision does not produce any such documents, Ven    a will depose Vision's corporate witnesses on these subjects next week.

9. Regarding our refusal to accept Vision's definitional instruction regarding "and" and "or." Following is a list of uses of "and" and "or" that are objectionable if interpreted according to Vision's instructions:

 −  RFD #3: "All documents discussing, disclosing, referring to, or relating to the '861 patent a OCR technology." Substituting "or" here makes the request overbroad, unduly burdensom includes documents outside the scope of discovery, etc.

 −  RFD #15: "All documents showing a one-to-one correspondence between any claim of the     l patent and the Bond-OCR." Substituting "or" here makes the request nonsensical, overbroa unduly burdensome, includes documents outside the scope of discovery, etc.

 −  RFD #17: "All documents . . . concerning . . . communications between or among Ventana     l the named inventors of the '861 patent that address or concern the OCR technology and its in a slide processing system." Substituting "or" here makes this request unduly burdensom

Elizabeth A. Leff, Esq.
September 1, 2005
Page 4

> etc. Ventana is not in a position to know whether the named inventors (especially those who left Ventana in the late 80's/early 90's) independently made such communications.

- RFD #29: "All correspondence between Ventana and any purchaser . . . ." Substituting "or' here makes the request overbroad, unduly burdensome, includes documents outside the scop of discovery, etc.

- We note that Vision specifically used "and/or" in RFD nos. 2, 6, 7, 13, 16, 18, 19, 30, 31, 3. and 53-56. Our concern in making the general objection is the substitution of "or" in place "and."

10. Regarding our general objection related to obligations of confidentiality to third parties, we confirm that we are not withholding any relevant, responsive and non-privileged documents bas on this general objection.

11. Regarding our objection to the production of publicly available documents, we confirm that we have searched for and produced (and not withheld) publicly available information that is in our company and employee files to the extent they were identified in searching for documents responsive to Vision's requests.

12. Regarding Vision's objection to our statement that we are producing "representative documents response to Document Request 12 ("all docs related to Ventana slide processing systems that w contend fall within '861 claims including docs re: design, construction, operation, functionality, sales, costs of production and sales, profit margins, profits, revenues, prices and marketing"), w asked and you agreed to investigate whether there is anything specific that Vision needs from Ventana. Please let me know whether this is the case and we will take your request for addition documents under consideration.

13. Regarding your request that we produce what has been given to our customers, we confirm that have produced what has been given to our customers, namely product manuals and brochures. Pricing information is also provided to our customers. Some pricing information may have bee produced in *Vision I* or *Vision II*. However, because damages has been bifurcated in these matt we have not undertaken to produce all documents containing pricing information.

14. Regarding Vision's production gaps and redactions, please provide Vision's explanations of ga and redactions as you previously agreed to do.

15. Regarding privilege logs, we agreed that the cutoff date for logging privileged communications the filing of *Vision II*. Please let me know when Vision would like to exchange privilege logs.

16. Regarding the proposed depositions of the '861 inventors, the parties agreed that these depositi would be limited to issues relevant to infringement by the Bond-OCR. Based on that agreemer

Elizabeth A. Leff, Esq.
September 1, 2005
Page 5

    we will make any inventors employed by Ventana available for deposition but only on that issue Although I am still in the process of contacting all of the inventors (including those recently noticed), we are attempting to make the inventors available for deposition on September 14-16 i Tucson. Please let me know how much time you estimate you will need for these depositions.

17. Please provide verified interrogatory responses from Vision as you have previously agreed to d

18. Regarding corporate depositions on infringement contentions and related underlying facts, we agreed to forego deposition of Vision on topics 11-18 in exchange for Vision's agreement to for deposition on topics 3, 4, 6, and 7.

19. Regarding the noticed deposition of Ventana on Topic 1, Ventana is still investigating an appropriate witness and will make one available during any inventor depositions.

20. Regarding the noticed deposition of Ventana on Topic 2, Ventana maintains that this topic is to irrelevant and refuses to provide a corporate witness. However, as discussed above, Ventana w make Mr. Stephens available for deposition in his individual capacity.

         Sincerely,

         WILSON SONSINI GOODRICH & ROSATI
         Professional Corporation

         Nicole W. Stafford

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy   rth
Westech 360, Sui   ;50
Austin, Texas 7875   17
PHONE 512.3:   )0
FAX 512.33£   )1
www.ws   m

Nicole W. S   rd
Internet: nstafford@ws   ·m
Direct Dial: 512-33   )2

September 2, 2005

**VIA EMAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:** *Vision BioSystems (USA) Trading, Inc. v. Ventana Medical Systems, Inc.*
> **District of Mass. 03 CV 10391 GAO (*"Vision I"*);** *Ventana Medical Systems, Inc*
> *Vision BioSystems, Inc.***, District of Mass. 05-CV-10614-GAO (*"Vision II"*)**
> **Our Ref. 6270.511 and 515**

Dear Elizabeth:

Attached is a revised stipulation regarding the use of the BOND-OCR 2.7 and 3.3 in the Un   l
States by Vision's customers. Please let me know if this acceptable to Vision. Upon finalizing thi:
stipulation, Ventana will agree to forego further discovery on the following: deposition topic nos. 8   ),
20, 23, 24, 25, & 26 of Vision pursuant to FRCP 30(b)(6); interrogatory nos. 8 & 12; document req   t
nos. 12, 14, 16, 17, & 22.

Based on our review of Vision's production, it appears the following documents relevant to   ‹t
week's inspection and depositions are missing:
- manuals and other documentation related to Vision's "Slide Labeler" (referred to on at l   t
  pages VBS-OCR 08213 & 08224);
- user manuals: 21_7532_500_B01 Bond user manual released for Bond V3_2 (Jaws) sof   re
  and 21_7532_660_B01 Bond User manual addendum released with Bond V3_2 (Jaws)
  software (both referred to on at least page VBS-OCR 08079); and
- service manual: 21_7509_500_C01 Bond Service Manual containing OCR information
  (referred to on at least page VBS-OCR 08079).

Please produce these documents in advance of next week's inspection and depositions.

Further, service manual: 21_7509_DRAFT_C01_2_Bond Service Manual (PDF with reviev
comments) (referred to on at least page VBS-OCR 08079 and produced at pages VBS-OCR 06981-
07566) includes a number of "comments" icons in the produced version but not the text of the com:   t.
Please also produce a version (electronic or print out with comments showing) of this service manu   n
which the text of the comments are ascertainable.

Elizabeth A. Leff, Esq.
September 2, 2005
Page 2

     Please call me at 512.694.7060 to discuss production of these documents if you are unable
produce them to my home tomorrow with Vision's supplemental production so that I may give you
alternate address in Boston. Thank you for your consideration in these matters.

                       Sincerely,

                       WILSON SONSINI GOODRICH & ROSATI
                       Professional Corporation

                       Nicole W. Stafford

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

VENTANA MEDICAL SYSTEMS, INC.,

     Plaintiff,

v.

                        CIVIL ACTION NO. 05-CV-10614-GA

VISION BIOSYSTEMS, INC.,

     Defendant.

## STIPULATION AND PROPOSED ORDER

WHEREAS, the parties Ventana Medical Systems, Inc. ("Ventana") and Vision
BioSystems, Inc. ("Vision") wish to narrow the discovery required prior to the consolidated and
expedited trial on the merits of this case ("*Vision II*") and *Vision BioSystems (USA) Trading Inc.
Ventana Medical Systems, Inc.*, Civil Action No. 03-CV-10391-GAO ("*Vision I*"), set for
November 28, 2005, and

WHEREAS the parties wish to narrow the number of disputed issues for this trial,

THEREFORE Vision and Ventana stipulate to each of the following paragraphs:

1. As used herein, "BOND -- OCR" means any or all versions of Vision's "re-
engineered" Bond, Bond - X and Bond - maX automated staining instruments and systems that
include any means or devices employing optical character recognition ("OCR") technology, or a
slides or slide labels incorporating characters readable using, or designed to be read using OCR
technology, including without limitation the Bond system referred to in Vision's supplemental
response to Interrogatory No. 15 in *Vision I* or in statements by Vision's counsel at the Status
Conference of January 12, 2005 in *Vision I*, and any or all instruments or related components,
hardware and software, or any part thereof or accessory thereto.

2. As used herein, "BOND – OCR 2.7" means a Vision BOND – OCR system that
uses version 03.02.07 software.

3.      As used herein, "BOND – OCR 3.3" means a Vision BOND – OCR system that uses version 03.03.03 software.

4.      Vision admits that it has used, offered for sale, and sold in and imported into the United States the BOND – OCR 2.7 and the BOND – OCR 3.3. Vision represents these are the only versions of the BOND – OCR that have been made, used, sold, or offered for sale in or imported into the United States.

5.      Vision admits that it provides user manuals and other documentation regarding th BOND – OCR to its customers and sends Vision employees to instruct its customers on how to operate the BOND – OCR 2.7 and the BOND – OCR 3.3 in a manner consistent with Vision's u and service manuals and related documentation. Vision admits that its customers read and follo the instructions in the user manuals and other documentation and/or the instructions provided to them by Vision employees, and Vision intends that its customers read and follow the instruction in the user manuals and other documentation and the instructions provided to them by Vision employees.

6.      Vision admits that its customers use and have used the BOND – OCR 2.7 and the BOND – OCR 3.3 in the United States in any and all modes that the BOND – OCR 2.7 and the BOND – OCR 3.3 are capable of operating for reading OCR or bar code labels on slides and reagent containers.

7.      Nothing herein limits Ventana's ability to obtain discovery as to the scope and nature of Vision's allegedly infringing activities during any damages phase of *Vision I* or *Vision* should Ventana prevail on the merits of its infringement claims.

2

VENTANA MEDICAL SYSTEMS, INC.          VISION BIOSYSTEMS, INC.

---
Brian L. Michaelis (BBO #555159)
BROWN RUDNICK BERLACK ISRAELS
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Jeffrey N. Danis (BBO #113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965

Of counsel:
Ron E. Shulman
Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas 78759-7247
(512) 338-5400

Christine M. Roach (BBO # 421630)
ROACH & CARPENTER PC
24 School Street
Boston, Massachusetts 02108
(617) 720-1800

Of counsel:
E. Anthony Figg
Elizabeth A. Leff
ROTHWELL, FIGG, ERNST & MANBEC
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

## ORDER

Based on the foregoing stipulation, IT IS SO ORDERED.

Dated: _____          _____
                          HON. GEORGE A. O'TOOLE
                          UNITED STATES DISTRICT JUDGE

3



**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy.    th
Westech 360, Sui    50
Austin, Texas 7875'    7

PHONE 512.33    0
FAX 512.338    1

www.ws    n

Nicole W. S    rd
Internet: nstafford@ws    m
Direct Dial: 512-33    02

September 2, 2005

**VIA FACSIMILE NO. (202) 783-6031**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:** *Ventana Medical Systems, Inc. v. Vision BioSystems, Inc.*, **District of Mass. 05-C 10614-GAO**

Dear Elizabeth:

On August 23rd we identified several individuals who were involved with Bond-OCR whic Vision failed to list in its unverified response to Interrogatory No. 7 (or in its initial disclosures). W note that several of these individuals, in spite of your surprising claim that they had minimal or no "involvement" in the Bond-OCR project, were part of the Core Team for Bond-OCR. I refer you to VBS OCR 75485.

We further note that at least the following individuals are *also* missing from Vision's unveri answer to Interrogatory No. 7:

> Timothy Lee
> David Huang
> Jonathan Moffett
> Alex Binder
> Lindsay Beard
> Alister Hodges
> Teresa Bak
> Anthony White
> Thomas Calvert
> Mike Watts

Elizabeth A. Leff, Esq.
September 2, 2005
Page 2

Please provide a revised response to our Interrogatory, as well as Vision's reassurance that responsive documents/information have been collected from *all* of the above individuals and produ     l to Ventana.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Nicole W. Stafford



Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy. N
Westech 360, Suite :
Austin, Texas 78759-7

PHONE 512.338.5
FAX 512.338.54

www.wsgr.c

Nicole W. Staf
Internet: nstafford@wsgr.
Direct Dial: 512-338-5

September 12, 2005

**VIA FACSIMILE**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:**  *Ventana Medical Systems, Inc. v. Vision BioSystems, Inc.*, **District of Mass.**
> **05-CV-10614-GAO ("*Vision II*")**
> **Our Ref. 6270.515**

Dear Elizabeth:

This letter addresses your letter of earlier today and follows up on various items that we have requested from Vision. First, I did not include any information regarding Mr. Hassen's availability because, to date, we have received no notice of deposition for Mr. Hassen. Second, as I mentioned o Friday, I will attempt to obtain contact information for Mr. Humphries and Mr. Copeland and, if able will contact them regarding their availability for deposition. Third, regarding Mr. Stephen's availabi for deposition this week in Tucson, Mr. Stephens has business on the west coast following this week NSH meeting in Florida. I have requested that he contact me if his business on the west coast is rescheduled and he can be available for deposition in Tucson this week. Fourth, the likely order of the inventor depositions will probably be Phil Miller, William Richards, Charles Lemme, Thomas Groga and Wayne Showalter. Dr. Grogan will thus be available on Thursday at 1 pm, instead of Wednesda 1 pm.

Next, please supplement Vision's production as follows:

1. Regarding our repeated request for machine readable source code for the previous infringing Bor system (03.02.04 software) and the Bond-OCR systems (03.02.07 and 03.03.03 software), we fir requested this electronic source code on August 15. You agreed to produce these files on Augus 16. However, as explained in my letter of August 24, the disc produced by Vision in response to this request was not in machine readable format as requested. It instead included only .tiffs of th requested source code. Therefore, please immediately produce machine-readable, electronic cop of all source code produced in *Vision I* and *II* (including all .h, .c, and .cpp files as well as any .d .txt, .mak or similar files). As I mentioned during the depositions in Massachusetts last week, w would be willing to not allow Mr. Danis or any other Ventana employees access to these files, fo example, by treating these files in accordance with documents designated as "VISION FINANCIAL INFORMATION FOR OUTSIDE COUNSEL AND EXPERTS EYES ONLY." Vision's failure to timely produce these files has already prejudiced Ventana. Further, delay by

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Elizabeth A. Leff, Esq.
September 12, 2005
Page 2

Vision may necessitate an extension for Ventana's initial expert reports and other assistance from the Court.

2. Please also produce differences in source code between the 03.02.04 and the .03.02.07 versions i smaller diff files (as was done for differences between the 03.02.07 and the .03.03.03 code, inste of the one large diff file produced last week) as was requested during the corporate deposition of . Sorenson.

3. In my letter of September 2, I requested that Vision supplement its production with respect to cer    ı deficiencies that have yet to be addressed by Vision. Specifically, please immediately produce: 21_7532_660_B01 Bond User manual addendum released with Bond V3_2 (Jaws) software (refi    d to on at least page VBS-OCR 08079), and 21_7509_500_C01 Bond Service Manual containing (    ₹ information (referred to on at least page VBS-OCR 08079). Further, as explained in my letter se    ₂e manual: 21_7509_DRAFT_C01_2_Bond Service Manual (PDF with review comments) (referred on at least page VBS-OCR 08079 and produced at pages VBS-OCR 06981-07566) includes a nu    er of "comment" icons in the produced version but not the text of the comment. Please also produc version (electronic or print out with comments showing) of this service manual in which the text the comments are ascertainable. During Mr. Sorenson's deposition, Vision was able to obtain in short-order a print out showing one such comment when requested by Mr. Sorenson. Therefore, expect Vision should be able to produce the requested service manual showing the text of any comments immediately.

4. Please provide final Technical Service Bulletins related to installing and/or upgrading to Bond-C    ₂ 03.02.07 and 03.03.03 systems or confirm that the unsigned versions produced by Vision were tl final versions.

5. We have also reviewed Vision's production and did not find any manuals or other documentatio from Jadak related to the Jadak FM-204 2d imager employed in the Bond-OCR or related to San Reco software. Please supplement Vision's production to include any documentation related to scanner and software.

6. Please provide dates for: the depositions of Ben Bergo, David White, Graham Menhennitt, Dave Autry and Lloyd Stedman; the continued inspection of the Bond-OCR service software with ser    ₂ password authorization; and the continued corporate deposition of Vision on the Bond-OCR ser    ₂ software as well as the following deposition topics related to Vision's and its customers' use of Bond-OCR: deposition topic nos. 7, 8, 19, 20, & 22-26 of Vision pursuant to FRCP 30(b)(6). P    e also immediately supplement Vision's responses to interrogatory nos. 8 & 12 and production responsive to document request nos. 12, 14, 16, 17, & 22 and to produce any non-privileged information that was improperly redacted, such as customer information. To the extent we are ₂    to finally reach agreement regarding the proposed customer use stipulation, we may be able to fore some or all of this discovery, depending upon the stipulation. However, given the impending cl    of

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Elizabeth A. Leff, Esq.
September 12, 2005
Page 3

fact discovery, we need to reach an agreement or have the aforementioned discovery and propose deposition dates by the close of business September 14 at the very latest.

7. We are in receipt of Vision's privilege log. There are a number of entries that are designated as attorney-client and/or work product which do not appear to have been sent to or from any attorne Further, it appears that any privilege attaching to some of the withheld documents was likely wai l, for example, 10/07/2004 email from Michael Ohanessian to all VBS staff. Please provide furthe information regarding any withheld documents which were not sent to or from any attorney so th we may ascertain whether we have any objections to Vision's privilege log.

8. There were a number of other issues with Vision's production that were raised during the corpor deposition of Vision. Upon receipt of a rough transcript from that deposition, I will send a follo up letter addressing any additional issues.

                    Sincerely,

                    WILSON SONSINI GOODRICH & ROSATI
                    Professional Corporation

                    Nicol W. Stafford

                    Nicole W. Stafford

```
** JOB STATUS REPORT **                    AS OF   SEP 12 2005  4:27 PM  PAGE.01


       JOB #338
     DATE  TIME            TO/FROM        MODE    MIN/SEC    PGS    STATUS
001   9/12  4:24P         912027836031  G3--S    01'56"     006      OK
```

W𝒮₲R  Wilson Sonsini Goodrich & Rosati
        PROFESSIONAL CORPORATION

Date: September 12, 2005

To: Elizabeth A. Leff                    Fax: 202-783-6031              ☒ Use this fax
                                                                          number only
Company: Rothwell, Figg, Ernst & Manbeck P.C.   Phone: 202-783-6040    ☐ Notify recipient
                                                                          before sending

From: Nicole W. Stafford          Phone: 512-338-5402          Return Fax: 512-338-5499

Original: ☑ To follow via mail   ☐ To follow via courier   ☐ To follow via email   ☐ Original will not follow

Fax Contains: __6__ pages *(including this sheet)*. If incomplete, call 512-527-5563.

Message:

Ref: 6270;515                      Return Original to: M. Fields                      Location: AU-3

8911 Capital of Texas Hwy. North, Westech 360, Suite 3350, Austin, Texas 78759-8497
512.338.5400 Tel • 512.338.5499 Fax • www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited.
If you are not the intended recipient please contact the sender and destroy all copies.
Entire Transmission Copyright © 2003 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

2489001_1.DOC (433)



**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy. ⌐   h
Westech 360, Suit   0
Austin, Texas 78759   /

PHONE 512.33⌐   0
FAX 512.338   1
www.ws   n

Nicole W.   ord
Internet: nstafford@w   om
Direct Dial: 512-⌐   402

September 14, 2005

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

   **Re:** *Ventana Medical Systems, Inc. v. Vision BioSystems, Inc.*, **District of Mass. 0   ⌐V-**
     **10614-GAO**

Dear Elizabeth:

   Ventana cannot provide more detailed information for PRIV 2 and PRIV 3 on its privi⌐   ⌐ log
without broaching privileged material under FRCP 26(b)(5). Vision is improperly attempting   obtain
the work product of litigation counsel prepared in contemplation of litigation. Likewise, Visi   s well
aware that the recipient of PRIV 1—Jeff Danis—is litigation counsel, thus Vision has no cau⌐   ⌐
question the privileged nature of this attorney-client communication. There is no item on the   ⌐
identified as PRIV 4, and Ventana does not know what Vision means by demanding supplem   al
information here.

   We also note that Vision has provided a number of questionable entries on its privile   og that
require further explanation. For example, how is an e-mail that Stuart Elliott sent to himself   8/9/04 an
attorney-client communication? This is just one of a number of entries designated as privile   l even
though they were not sent to or from an attorney, or were sent to numerous recipients:

- 8/9/04, from Stuart Elliott to Stuart Elliott;
- 10/6/04, from Paul Sorenson to Ross Barrow;
- 10/6/04, from Paul Sorenson to Chris Zawadski;
- 10/7/04, from Michael Ohanessian to Dave Autry et al.;
- 10/7/04, from Michael Ohanessian to VBS Staff;
- 10/11/04, from Matt Pini to Stuart Elliott;
- 10/11/04, from Matt Pini to Damon Henshaw;
- 12/11/04, from J. Ferrell (does Vision intend to provide Ventana with a complete ⌐   ⌐e here?) to
  Stuart Elliott; and
- 3/23/05, from Anthony White to Eduardo Vorn et al.

Elizabeth A. Leff, Esq.
September 14, 2005
Page 2

As Vision has already admitted that it made numerous erroneous redactions based on "privile
Ventana would like further information as to these abovementioned documents, as well as any otl
withheld or redacted documents not sent to or from litigation counsel.

We further note that Vision has waived all privilege with respect to communications with its
"independent contractors." *See e.g., Glaxo, Inc. v. Novopharm Ltd.*, 148 F.R.D. 535, 539 (1993)
(independent contractor is not a corporate client). As a result, Vision must produce Paul Sorens    s
10/06/04 and 1/9/05 communications to and copying Chris Zawadski. Vision can't have it both     ys:
Chris Zawadski cannot be a Vision employee for purposes of privilege, yet still avoid depositio:

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Nicole Stafford, by permission*    ₹,
Nicole W. Stafford

2721986_1.DOC)

 Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

8911 Capital of Texas Hwy. N
Westech 360, Suite 3
Austin, Texas 78759-7.

PHONE 512.338.5
FAX 512.338.54

www.wsgr.c

Nicole W. Staf
Internet: nstafford@wsgr.
Direct Dial: 512-338-.

September 16, 2005

**VIA E-MAIL**

Elizabeth A. Leff, Esq.
Rothwell, Figg, Ernst & Manbeck
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

> **Re:    *Ventana Medical Systems, Inc. v. Vision BioSystems, Inc.*, District of Mass. 05-CV
> 10614-GAO**

Dear Elizabeth:

This letter follows up on various issues which I raised in my letter dated September 12, 2005
Please immediately supplement Vision's production as indicated in my September 12 letter. We
requested some of these documents over a month ago, and your late production is prejudicing our
ability to prepare expert reports. In addition, we requested at Ross Barrow and Paul Sorenson's
depositions that Vision produce the most recent version of the Bond-OCR service manual, documen
showing US and international customer dissatisfaction with the Bond-OCR, and software verificatio
reports. Your continued delay in producing this critical discovery may affect initial expert report
deadlines.

I further note that you have not responded to my letter dated September 2, 2005 as to Vision
incomplete response to Interrogatory No. 7, and we need supplemental discovery or verification fro
you that Vision has made a diligent search for all responsive documents relating to those individual
identified in my September 2 and August 23 letters.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Nicol Stafford, by permission*
s. 2.

Nicole W. Stafford

2723282_1.DOC

**From:** Stafford, Nicole

**Sent:** Wednesday, September 21, 2005 10:19 AM

**To:** Elizabeth A. Leff

**Cc:** Shulman, Ron; 'Michaelis, Brian'

**Subject:** RE: Follow up re: this morning's conference call

Dear Elizabeth,

This responds to your letter of this morning.

Based on our agreement, we will file an unopposed one week extension for Mr. Williams' report and for Vision to file any report responsive specifically to that report, but not to file any reports responsive to other of Ventana's expert repor

Regarding the source code, we would like to be able to ascertain specifics regarding the function and operation of the B systems using the 03.02.04, 03.02.07 and 03.03.03 software, including how they the may be similar or different. In particular, how they decode OCR and 1D bar codes and how they use the results of those decoding operations to automatically dispense reagents onto slides. We do not intend to run any tests on this code, but to instead use compilers text editors to examine it. Regarding the diff files, they only show differences and so do not provide a complete picture regarding the structure and operation of these systems or show their similarities. Further, the diff file purporting to sho differences between the 03.02.04 and 03.02.07 code appears to be produced in a manner calculated to hinder rather than assist any discovery. In that regard, we have had various IT consultants and experts attempt to open the very large html It crashes almost every computer and even when opened is in largely unusable format, including large chunks of undecipherable garbage. Further, breaking this file into parts as was done by Vision for the differences between the 03.    7 and 03.03.03 code is not possible based on what has been produced to us. If Vision stipulates that it and its experts will rely in any way on any alleged differences between the way the various Bond systems decode OCR versus 1 D bar code use the results of that decoding, please provide me with a draft stipulation and I will discuss this with my client to ascer whether we can forego access to the machine-readable source code in exchange for such a stipulation. Given that the protective order has no exception for the production of machine-readable source code, your agreement on August 16 to produce this code, and our willingness to address Vision's concerns regarding the evaluation of this code by not allowin    y copies and limiting review by one expert in outside counsel's or Vision's offices, we believe our request is more than reasonable. Please let me know today by noon CST whether and when Vision will produce this code. Otherwise, we w seek assistance from the Court in this regard.

Regarding the documents produced recently related to the Norwich facility, please confirm that Vision's production inc    s all documents regarding the service/operation of that facility or any other facilities operating the BOND-OCR in bar cox reader mode, including all documents showing acceptable performance of the bar code mode at these facilities, or suppl    nt Vision's production in that regard. I re-iterate that to the extent Vision has cherry-picked select documents regarding th facility, Ventana will object to the use of documents produced at trial. Your letter does not indicate that documents ten to show the acceptable operation of the Bond-OCR in bar code reader mode were requested, searched for or produced.

Regarding the nondraft service manual, I have not received any instructions on how to obtain this manual. Regarding th comments in the draft, if it is too laborious to print out the comments, please immediately provide an electronic copy of document. This should be readily accessible to Vision to produce to us via ftp. If Vision will not do so, please let me k by noon CST or we will move to compel its production.

I will follow up with counsel for Jadak as to your copy of their production, which should have included one CD. We ar process of bates labeling and producing the CD and any files which may be printed out to your DC office. We would b    d to provide an extra copy to your someone else for delivery tomorrow. Please let me know where such an extra copy shc be sent.

Finally, I have confirmed that our review of Vision's production has not identified any Jadak or HHP documents related the particular scanner used in the Bond-OCR. It is highly unlikely, if not impossible, that Vision could have incorporate    is scanner into the Bond-OCR without documents from Jadak or HHP related to this scanner, for example, providing information on how to interface the Bond-OCR PC with the scanner. Please confirm that you have conducted a reasona

search for such documents and have produced or will produce any documents identified in such a search.

I believe this addresses all outstanding matters. Please feel free to call me to discuss.

Regard,
Nicole


Nicole W. Stafford
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas 78759-7247
Phone (Direct): 512.338.5402  /  512.694.7060 (cell)
nstafford@wsgr.com

---

**From:** Elizabeth A. Leff [mailto:eleff@rothwellfigg.com]
**Sent:** Wednesday, September 21, 2005 12:21 AM
**To:** Stafford, Nicole
**Subject:** Re: Follow up re: this morning's conference call

Dear Nichole:

Thank you for your letter of this morning. I address the issues raised below.

We confirm that the one week extension will only apply to the report responsive to Mr. Williams's report.

Regarding the source code, Vision does not understand what tests Ventana would like to run on the source code and wh:  e
relevance of the tests are as Vision has already provided the diff files for the source code. Please explain what tests or
software Mr. Williams would like to run on the software and the relevance of each such test to the issue of infringement

3egarding the documents produced yesterday there was a numbering error which will be corrected.

I have been told that the documents produced regarding the failure rates at the two facilities that still use bar codes on sl
are the only documents relating to this problem and that the two facilities reading bar code labels on slides with the FM    I
have asked that this issue be researched again and confirmed. Should any additional documents be located they will be
produced promptly.

3egarding the nondraft service manual, we received a copy this morning and set up an ftb site so that you could obtain tl
manual today. You and MR. Shulman were sent an email with instruction on how to access the information. I am told th
were no comments in the final. I will bring hard copies to the deposition. With respect to the comments in the draft, I be    :
these were the comments of thosre reviewers. It is quite a laborious process to print them out. It took about 20 minutes t
print out the comment we provided at the deposition.

Finally, we did not receive the Jadakdocuments which were supposed to be sent to us by Jadak. Please advise when we
be getting the documents as we need to prepair.

Elizabeth A. Leff Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040
(202) 783-6031 (Fax)
eleff@rothwellfigg.com

9/22/2005

http://www.rothwellfigg.com

The information contained in this communication is confidential, is intended only for the use of the individuals named    ve
and should not be disclosed to any third parties unless specifically authorized in the text of the communication itself or
separate written authorization of the sender. If the reader of this message is not the intended recipient, you are hereby r    ied
that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited.

-----Original Message-----
From: Stafford, Nicole <nstafford@wsgr.com>
To: Elizabeth A. Leff <eleff@rothwellfigg.com>
Sent: Tue Sep 20 10:30:41 2005
Subject: RE: Follow up re: this morning's conference call

Dear Elizabeth,

Thanks for your response. Regarding the extension to Mr. William's report, we agree to a reciprocal one week extensic    r
Vision to respond specifically to Mr. Williams' report. We do not agree to an extension for Vision to file reports respor    e
to any other reports served by Ventana. However, if Vision would prefer to extend the deadline for both parties to file :    f
their expert reports by one week so that all of Vision's reports would be due on the same day, please let me know as we    /
be amenable to such an extension.

I do not know the identity of the Jadak witness, but will let you know if I find out.

Please let me know as soon as possible regarding Ventana's request for access to the Vision source code. Given the var
impending deadlines, we will need to seek court assistance should Vision not agree. We understand our repeated prior
efforts to address Vision's concerns and numerous conferences on this subject fully satisfy our requirement to meet and
confer on this issue.

Regarding the documents produced yesterday, thank you for your clarification. We can forward these documents to Mr
Shulman. The transmittal letter forwarding these documents had been assigned the production numbers VBS-OCR 077
077511 and VBS-OCR 077065 – 0770658, respectively. According to the numbers reflected on the documents, the cor
range for the second set should be VBS-OCR 0770654 – 0770658. Please clarify for us the correct production numbers
assigned to the second set of documents produced. Please also clarify that the documents regarding the Norwich facility    :
complete and include all documents regarding the service/operation of that facility or any other facilities operating the
BOND-OCR in bar code reader mode or supplement Vision's production in that regard. To the extent, Vision has cherr
picked select documents regarding that facility, Ventana will object to their use at the upcoming trial.

I further request that the remaining requested documents, particularly the non-draft service manual and the service manu
with comments showing, be produced to myself as well as Mr. Shulman in LA. These documents were specifically requ    :d
three weeks ago and are necessary for the deposition of Mr. Stedman, set for tomorrow. Given Vision's ability to pull u
page from the service manual showing comments during Mr. Sorenson's deposition in at his request in less than an hour
can't understand why it should take Vision three weeks to produce these relevant documents at Ventana's request.

I look forward to Ms. Gifford's response regarding the documents on Vision's privilege log to which Ventana has object    r
requested more information. I misunderstood your statements yesterday in response to my query regarding these docurr    :
to indicate that Ms. Gifford would be producing these documents.

Best Regards,
Nicole

From: Elizabeth A. Leff [mailto:eleff@rothwellfigg.com]
Sent: Monday, September 19, 2005 8:51 PM

To: Stafford, Nicole
Subject: Re: Follow up re: this morning's conference call

Dear Nichole:

This will respond to your letter of earlier today.

As I told you over the phone, I will have to contact my client regarding Ventana's request for the source code. I will let
know Vision's response after I am able to contact them.

With respect to a one week extension for Mr. Williams to submit his report because of his recent hospitalization, Vision
agree as long as it has an extra week to submit any responsive report.

I confirm the Jadak deposition will take place this Friday at one Lincoln Center in Syracuse commencing at 9am. Please
me know the identity of the witness.

I confirm Mr. Hassen's deposition will take place this Friday at Ventana's Tuscon facility commencing at 9:30 am.

I do believe we have a misunderstanding concerning the documents Vision produced today. According to my notes, I to
you that Vision would be producing the two user manual addenda and the reports from the Norwich facility by facsimile
Federal Express. We did not send separate copiies to Mr. Shulman because I did not receive information regarding his
location until just now and my office is closed. I would be happy to ask that they be sent to him by facsimile tommorow
although it may be quicker for you to send them to him by facsimile. Please let me know. I also indicated that I had requ    d
the service manual with printed comments and was hoping to receive it from the client today. There was no discussion c
"other documents" to be produced. With respect to the privelege log, I told you that if she hadn't already, Nichole Giffor
would be responding to your letter shortly.

I hope this clears up any misundertstanding we may have had regarding our telephone conference.

Regards,
Elizabeth

Elizabeth A. Leff Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
(202) 783-6040
(202) 783-6031 (Fax)
eleff@rothwellfigg.com
http://www.rothwellfigg.com

The information contained in this communication is confidential, is intended only for the use of the individuals named al
and should not be disclosed to any third parties unless specifically authorized in the text of the communication itself or b
separate written authorization of the sender. If the reader of this message is not the intended recipient, you are hereby no    d
that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited.

-----Original Message-----
From: Stafford, Nicole <nstafford@wsgr.com>
To: Elizabeth A. Leff <eleff@rothwellfigg.com>
Sent: Mon Sep 19 15:09:04 2005
Subject: Follow up re: this morning's conference call

Elizabeth,

This follows up on our discussion this morning:

1. I have been able to talk to Ted Williams, who as we discussed was hospitalized all last week. He will need access to machine-readable source code of the Bond systems operating on the 03.02.04, 03.02.07, and 03.03.03 software version. e will probably need from 2-4 days and is available to do this next week. As we discussed, we are willing for Mr. Willia o review this code at Vision's Boston area office or outside counsel offices, to not provide Jeff Danis or any other employ f Ventana access to this source code, and to limit copying of this code. To the extent, you would like Mr. Williams to rev this code at Vision's offices in the Boston area, we will need a work station with the code and a C++ compiler loaded or and an attached printer in a conference room. We can provide a C++ compiler to load on the work station if Vision doe t have access to one. Please let me know as to the particular arrangements, so we may plan accordingly.

2. As we also discussed, given Mr. Williams' recent hospitalization and our inability to provide Mr. Williams' access to machine readable source code, we will need an extension of about a week (until October 7) for Mr. Williams to file his al expert report. Please let me know if Vision agrees to such an extension by noon (CST) tomorrow. Otherwise, we will : leave for an emergency extension with the Court.

3. The deposition of Jadak Technologies will take place on September 23, 2005 at the offices of BOND, SCHOENECI KING, PLLC, One Lincoln Center, Syracuse, NY 13202-1355, starting at 9 am. On Friday, Jadak's counsel represented t they would be producing documents today for delivery tomorrow. I will request that Jadak produce a set of documents you at: THE WESTIN LOS ANGELES AIRPORT, 5400 WEST CENTURY BLVD., LOS ANGELES, CA 90045, Pho 310-216-5858 Fax: 310-417-4545. If Jadak produces documents without bates numbers, we will bates number and prod a bates labeled set to your DC offices.

4. I confirm our agreement that the deposition of Chuck Hassen will take place at Ventana's offices on September 23, 2 starting at 9:30 am.

5. Per our discussion, I understand Vision will be producing today the various user manual addendums, service manual d other requested documents as well as documents listed on Vision's privileged log to which Ventana objected or requeste further information last week. I also understand that Vision is looking for documents regarding the operation of the Jad FM-204 scanner. As we discussed, please produce these documents to me in Austin with a duplicate copy to Ron Shulr s attention in LA at: SHERATON GATEWAY HOTEL LAX, 6101 W CENTURY BLVD, LOS ANGELES CA 90045, - 642 -1111.

Please let me know if I have failed to address or misunderstood the resolution of any issues discussed during this mornii call.

Best regards,
Nicole

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the origin and any copies of this email and any attachments thereto.


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the origin and any copies of this email and any attachments thereto.

| **Vision** **Bio**Systems | Department: Customer Support | |
|---|---|---|

## TECHNICAL SERVICE BULLETIN

| Author: | Software Engineer | Date: |
|---|---|---|
| | Vedran Arnautovic | __/ __/ 2004 |
| Approver: | Service and Support Manager | Date: |
| | David White | __/ __/ 2004 |

**Product:     Bond**

**TSB No: 21.5022.680
Date:**

| Type: | **Configuration Change** | X |
|---|---|---|
| | **Information** | |
| Implementation: | **Immediately** | X |
| | **Next Programmed Service** | |
| Estimated time to complete: | 2     hours     minutes | |

# Upgrading Bond Software to version 3.02.07 (Jaws)

### 1. Summary

Upgrade of Bond Software version to 3.02.07 to enable support of the OCR hardware

### 2. Distribution

All service and support personnel in relevant sales regions.

### 3. Applicability

All instruments in the USA.

### 4. Spare Parts Required

| Kit Name: | | |
|---|---|---|
| Pronto BOM Number: (Same as TSB number) | | |
| Quanitity | Item No. | Description |
| 1 | 21.6451.402.B01 | Bond Instrument Install Package (1 CD) |
| 1 | 21.6454.402.C01 | Bond Documentation Package (1 CD) |
| 1 | 21.6453.402.B02 | Bond Data Update Package (1 CD) |

VBS-OCR    589
CONFIDE    IAL

*Confidential – Distribution limited to list in Section 2*

# REDACTED

# REDACTED