IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISION BIOSYSTEMS (USA) TRADING, INC., <br><br> Plaintiff, <br><br> v. <br><br> VENTANA MEDICAL SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 03-CV-10391-GAO |
| VENTANA MEDICAL SYSTEMS, INC. <br><br> Plaintiff, <br><br> v. <br><br> VISION BIOSYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 05-CV-10614-GAO |

**DEFENDANT VENTANA MEDICAL SYSTEMS, INC.'S STATEMENT OF MATERIAL FACTS IN DISPUTE, IN OPPOSITION TO VISION'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BASED ON COLLATERAL ESTOPPEL**

In accordance with Local Rule 56.1, defendant Ventana Medical Systems, Inc. hereby submits its concise Statement of Material Facts in Dispute in opposition to plaintiff Vision BioSystems (USA) Trading, Inc.'s Motion for Summary Judgment of Non-Infringement Based on Collateral Estoppel.

Ventana objects to the facts set forth in Vision's statement as inadmissible pursuant to Federal Rule of Civil Procedure 37(c)(1), because they are based on materials that were not timely produced during discovery. Neither the Barrow Declaration, nor the exhibits thereto,

-1-

were produced prior to the September 6, 2005 deposition of Mr. Barrow. Neither the Barrow Declaration, nor Exhibit B thereto, were produced by Vision prior to the agreed fact discovery cutoff of September 23, 2005. *See* Stip. Prop. Order ¶ 5 (Aug. 9, 2005); Ex.[1] K.

Further responding to Vision's statement:

1. Ventana admits that the facts set forth in Paragraph 1 are undisputed.

2. Ventana disputes the facts set forth in Paragraph 2. There is no language in the asserted claims of the '861 patent that requires that reagent is "dispensed directly." Ex. H at 24:61 & 25:35. Rather, the claims simply call for "dispensing the reagent." *Id.* Vision admitted "that during operation of the Bond™ System reagents are dispensed onto slides." Pl.'s Resp. Def.'s Stat. Undisp. Mat. Facts, at 2 (Feb. 5, 2004). The Bond OCR "use[s] identical means for applying reagents to the slides." Pl. Stat. Undisp. Facts. Supp. Mot. Summ. J. ¶ 1 (Oct. 7, 2005).

3. Ventana admits that the facts set forth in Paragraph 3 are undisputed. This description of the Bond System is consistent with Vision's admission "that during operation of the Bond™ System reagents are dispensed onto slides." Pl.'s Resp. Def.'s Stat. Undisp. Mat. Facts, at 2 (Feb. 5, 2004).

4. The facts set forth in paragraph 4 are not material to the question of whether Vision is entitled to summary judgment of noninfringement. Vision's characterization of what may be "very similar," "sip-and-spit," the "sip step," and the "spit step" is vague and argumentative. There is no language in the asserted claims of the '861 patent that excludes the use of "sip-and-spit," a "sip step," or a "spit step." Ex. H at 24:61 & 25:35.

---

[1] "Ex." refers to the corresponding exhibit to the Declaration of Roger J. Chin in Support of Ventana's Opposition to Vision's Motion for Summary Judgment of Non Infringement Based on Collateral Estoppel, filed concurrently herewith.

-3-

Dated: October 21, 2005                              VENTANA MEDICAL SYSTEMS, INC.

By its attorneys,


    /s/ Roger J. Chin

Brian L. Michaelis (BBO #555159)
BROWN RUDNICK BERLACK ISRAELS, LLP
One Financial Center
Boston, Massachusetts  02111
(617) 856-8200

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304
(650) 493-9300

Nicole W. Stafford (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas  78759
(512) 338-5400

Jeffrey N. Danis (BBO #113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona  85737
(520) 229-3965