IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VISION BIOSYSTEMS INC., )<br>)<br>Defendant. ) | Civil Action No. 05-CV-10614-GAO |

## STIPULATION AND [PROPOSED] REVISED SCHEDULING ORDER

As a result of recent events in these consolidated cases, Vision BioSystems, Inc., formerly known as Vision BioSystems (USA) Trading Inc. ("Vision"), and Ventana Medical Systems, Inc., ("Ventana") respectfully submit this stipulation and proposed revised scheduling order.

On October 6, 2005, the U.S. District Court for the District of Arizona entered a final appealable judgment of non-infringement in Ventana Medical Systems, Inc. v. BioGenex Laboratories, Inc., No. 03-92 (D. Ariz.) (the "BioGenex Action"). On October 6, 2005, Ventana filed its notice of appeal to the Federal Circuit from that judgment. The BioGenex Action involves the same patent that is at issue in this case, U.S. Patent 6,352,861 (the "'861 patent"). Vision has filed a motion for summary judgment of non-infringement based upon the Arizona court's ruling. Ventana intends to oppose that motion.

This case currently is set for a pretrial conference on November 17, 2005 and for trial beginning on November 28, 2005. In the next six weeks the parties will expend substantial resources completing expert discovery, resolving remaining fact discovery issues and preparing for trial. Likewise, this Court will expend resources preparing for and conducting the trial in this case.

1

In view of the recent events described above, the parties respectfully request that the Court vacate the current trial date and related deadlines and reschedule discovery and pretrial activities according to the following requests and stipulations:

1. The parties jointly request the Court to vacate the trial date and related dates in the consolidated cases <u>Vision BioSystems (USA) Trading Inc. v. Ventana Medical Systems, Inc.</u>, Civil Action No. 03-CV-10391-GAO ("Vision I") and <u>Ventana Medical Systems, Inc. v. Vision Biosystems, Inc.</u>, Civil Action No. 05-CV-10614-GAO ("Vision II").

2. Ventana shall file its opposition to Vision's pending motion for summary judgment of non-infringement of the '861 patent by Friday, October 21, 2005. Ventana's opposition also will address the question of whether this Court should defer ruling on Vision's motion until the Federal Circuit rules on the single claim construction issue on which the final judgment in the BioGenex Action is based, and Vision will oppose any such request for deferral. Vision requests that the issues raised in its motion and in Ventana's opposition be decided as promptly as the Court's schedule permits, and Ventana does not oppose that request.

3. If Vision's pending motion for summary judgment of non-infringement of the '861 patent is granted, the parties jointly request that the Court enter a final appealable judgment of non-infringement.

4. If the Court either denies, or defers ruling on, Vision's pending motion for summary judgment of non-infringement of the '861 patent,
   A. the parties jointly request that the Court set a schedule allowing for completion of all discovery by June 1, 2006, and

   B. the parties agree that fact discovery in both of the consolidated cases, Vision I and Vision II, is closed, with the following exceptions: (i) should Vision make changes to its accused products between now and June 1, 2006, Vision shall advise Ventana of any changes relating to any step in the asserted claims, and Ventana shall be permitted additional fact discovery related to those changes to determine whether they are relevant to any issue in these cases, and (ii) the parties shall attempt to resolve issues regarding Vision's production of documents in response to Ventana's September 22, 2005 motion to compel. Should the parties be unable to resolve such issues, Ventana may move the Court to permit further fact discovery related to such issues and Vision may oppose any such motion.

5. Ventana agrees that it will not refile or otherwise seek to reactivate its motion for preliminary injunction.

6.   If the Federal Circuit reverses the claim construction in the BioGenex Action, the parties shall request that the Court set an early trial date, as the Court's schedule permits.

Dated: October 18, 2005

VENTANA MEDICAL SYSTEMS, INC.

/s/ Robert L. Harris
Brian L. Michaelis (BBO #555159)
Robert L. Harris (BBO#644829)
BROWN RUDNICK BERLACK
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200
Jeffrey N. Danis (BBO #113880)

Of counsel:
Ron E. Shulman (admitted *pro hac vice*)
Roger J. Chin (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

Nicole W. Stafford (admitted *pro hac*
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas 78759-7247
(512) 338-5400

VISION BIOSYSTEMS, INC.

/s/ Christine M. Roach
Christine M. Roach (BBO #421630)
ROACH & CARPENTER PC
24 School Street
Boston, Massachusetts 02108
(617) 720-1800

Of counsel:
E. Anthony Figg (admitted *pro hac vice*)
Elizabeth A. Leff (admitted *pro hac vice*)
Richard Wydeven (admitted *pro hac vice*)
Nichole Gifford (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST &
1425 K Street, NW, Suite 800
Washington, DC 20005
(202) 783-6040

SO ORDERED this __3rd__ day of November, 2005.

_____
George A. O'Toole, Jr.
United States District Judge