IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISION BIOSYSTEMS (USA) TRADING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 03-CV-10391-GAO |
| VENTANA MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VISION BIOSYSTEMS INC.,<br><br>Defendant. | Civil Action No. 05-CV-10614-GAO |

### VISION'S MOTION FOR IMPOUNDMENT UNDER LOCAL RULE 7.2

Pursuant to Local Rule 7.2, Vision BioSystems, Inc. ("Vision"), moves this Court to impound the following documents, which are filed herewith as exhibits to the *Second Declaration Of Douglas E. Ringel In Support Of Vision's Motion For Leave To Serve The Attached Expert Report From Dr. Balis On The Issue Of Obviousness* ("Declaration"):

| Declaration Ex. No. | Document | Bate Range |
|---|---|---|
| Ex. T | Investment Report by Cleary Gull | VEN1036967 - 82 |
| Ex. U | *Expert Report of Andre Sharon, Ph.D.*, served in *Ventana Medical Systems, Inc. v. Biogenex Laboratories, Inc.*, No. 03-92 (D. Ariz.) ("the *Biogenex* case") | VEN1035325 - 54 |

| Ex. V | *Expert Report of David G. Hicks, M.D.*, served in the *Biogenex* case | VEN1035264 - 306 |
|---|---|---|
| Ex. W | *Expert Report of Roger C. Palmer, P.Eng.*, served in the *Biogenex* case | VEN1021083 - 135 |
| Ex. X | *Plaintiff's Responsive Memorandum in Opposition to Defendant's Motion for Summary Judgment of Invalidity for Obviousness* and *Cross-Motion for Summary Judgment Dismissing Defendant's Obviousness Defense,* filed under seal in the *Biogenex* case | VEN1034665 - 90 |
| Ex. Y | *Expert Report of James Winkelman, M.D.*, served in the *Biogenex* case | VEN1017895-950 |

As grounds for this motion, Vision states that the aforementioned documents have been designated as Confidential by Ventana under the terms of the Protective Order entered in this case. Accordingly, those exhibits attached to the Declaration as Exhibits T-Y, should be filed under seal.

The requested impoundment should continue until sixty (60) days after the entry of final judgment herein. Thereafter, the materials shall be returned to counsel for Vision, who shall retain them, subject to further order of the Court, for thirty (30) days after the final termination of this litigation, including any applicable appeal period.

Dated:  May 7, 2007                     Respectfully submitted,


                                        By:     /s/ Pamela Zorn Adams
                                                Robert J. Muldoon, Jr. (BBO #359480)
                                                Pamela Zorn Adams (BBO #640800)
                                                SHERIN AND LODGEN LLP
                                                101 Federal Street
                                                Boston, MA  02110
                                                (617) 646-2000

                                                Walter E. Hanley, Jr. (*pro hac vice*)
                                                KENYON & KENYON LLP
                                                One Broadway
                                                New York, NY 10004
                                                (212) 425-7200

>Douglas E. Ringel (*pro hac vice*)
>John R. Hutchins (*pro hac vice*)
>KENYON & KENYON LLP
>1500 K Street, N.W.
>Washington, DC 20005
>(202) 220-4200
>
>Attorneys for Vision BioSystems, Inc.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Local Rule 7.1(A)(2) that prior to filing this motion and declaration, the parties have conferred and attempted in good faith to resolve or narrow the issues presented herein. During that conference, Ventana's counsel Nicole Stafford represented that Ventana assents to Vision's Motion for Impoundment under Local Rule 7.2.

/s/ Pamela Zorn Adams