UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VENTANA MEDICAL SYSTEMS, INC.,    )
                                  )
              Plaintiff,          )
                                  )
v.                                )    C.A. No. 05-CV-10614-GAO
                                  )
VISION BIOSYSTEMS INC.,           )
                                  )
              Defendant.          )
                                  )

**VISION BIOSYSTEMS, INC.'S RESPONSE TO
VENTANA MEDICAL SYSTEMS, INC.'S MOTION TO EXTEND TIME TO RESPOND
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Robert J. Muldoon, Jr. (BBO #359480)       Of Counsel:
Pamela Zorn Adams (BBO #640800)            Walter E. Hanley, Jr. (*pro hac vice*)
SHERIN AND LODGEN LLP                      KENYON & KENYON LLP
101 Federal Street                         One Broadway
Boston, MA 02110                           New York, NY 10004
(617) 646-2000                             (212) 425-7200

                                           Douglas E. Ringel (*pro hac vice*)
                                           John R. Hutchins (*pro hac vice*)
                                           KENYON & KENYON LLP
                                           1500 K Street, N.W.
                                           Washington, DC 20005
                                           (202) 220-4200

                                           Attorneys for Vision BioSystems, Inc.

Defendant Vision BioSystems, Inc., ("Vision") respectfully submits this response to Ventana Medical System, Inc.'s ("Ventana's") request for a four-week extension of time to respond to Vision's motion for summary judgment.

As set forth in Vision's motion for summary judgment, this case is properly disposed of as a matter of law under the legal doctrine of "prosecution history estoppel" based on the patent prosecution history file for Ventana's asserted '861 patent, a file that is publicly available from the U.S. Patent & Trademark Office. In order to avoid the heavy expense associated with further pre-trial preparation and trial, Vision filed its motion for summary judgment on June 18th.

Ventana now requests a six-week period to respond to Vision's motion, the two-weeks ordinarily permitted for response plus a four-week extension. Such an extension is excessive, and Vision opposes it to the extent it further protracts these expensive proceedings, with Vision set to incur significant expense in the case during the months of August through November.

Ventana's argument that it needs further discovery to respond is baseless. Vision's summary judgment motion is based almost entirely on the public prosecution history file of Ventana's patent. The product at issue is the "Bond-OCR" that was the subject of the Complaint in 2005 and was the subject of completed fact discovery in 2005. [D.I. 39]. The corporate deposition on June 26th and 27th that Ventana cites relates to software updates that are irrelevant to the motion for summary judgment. The portion of the "Bond-OCR" at issue—the slide labels—are the same as they have been since 2005. In any event, the deposition is now complete (completed on June 27th). Ventana also cites a deposition that Vision has noticed for August 1st, but that deposition is on the topic of injunctive relief and has absolutely nothing to do with the issue presented in Vision's motion. [See Ex. 1, Notice of Rule 30(b)(6) Deposition of Ventana Medical Systems, Inc.].

Vision does not dispute Ventana's counsel's other commitments, but the commitments identified do not justify Ventana's request for six weeks to respond. Vision notes that counsel's conflicts minimally, if at all, impact the original filing due date of July 2nd.

Vision filed its motion for summary judgment at the early date that it did in order to avoid the significant expense associated with expert discovery, pre-trial preparation, and trial. Since trial is currently scheduled for November 13, 2007, expert discovery will need to take place largely in August and September to meet that trial date. It is anticipated that the parties will be exchanging at least 7 expert reports and taking 7 corresponding expert depositions, all of which will be unnecessary if the case is resolved on summary judgment, as it should be. If the briefing on Vision's summary judgment motion is delayed by a month as Ventana seeks, the cost-saving benefit that Vision sought from its early filing of its summary judgment motion will be significantly impacted, since the extension will deprive the Court of the opportunity to consider and rule on the motion before the parties will need to embark on expensive expert discovery and further pre-trial proceedings in order to meet the November 13, 2007 trial date.

Respectfully submitted,

Dated: June 27, 2007

/s/ Pamela Zorn Adams
Robert J. Muldoon, Jr. (BBO #359480)
Pamela Zorn Adams (BBO #640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110

Attorneys for Vision BioSystems, Inc.

00167698.DOC /

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VENTANA MEDICAL SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-10614-GAO |
| ) | |
| ) | |
| VISION BIOSYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## VENTANA MEDICAL SYSTEMS, INC.

PLEASE TAKE NOTICE THAT pursuant to Fed. R. Civ. P. 30(b)(6) Defendant, Vision BioSystems, Inc. ("Vision") will take the deposition upon oral examination of Plaintiff, Ventana Medical Systems, Inc. ("Ventana") at 9:00 a.m. on August 1, 2007 at the offices of Sherin & Lodgen, LLP, 101 Federal Street, 30th Floor, Boston, Massachusetts 02110, or at another date, time and place as agreed upon by counsel, regarding the subjects identified in the attached "Schedule A."

Pursuant to Rule 30(b)(6) Ventana is requested to designate one or more officers, directors, or managing agents, or other persons to testify on its behalf as to each such subject in the attached "Schedule A," and for each such person designated, advise of all matters on which that person will testify. The deposition will be taken before an officer authorized to administer oaths and will be recorded by stenographic means and videotape, and will continue from day-to-day until completed, or as otherwise agreed upon by counsel.

You are invited to attend and cross-exam.


Dated: June 19, 2007

Respectfully,
Vision BioSystems, Inc.
By its attorneys


*Ronald L. Sigworth*

Douglas E. Ringel
John R. Hutchins
Ronald L. Sigworth
KENYON & KENYON LLP
1500 K Street, N.W., Suite 700
Washington, DC  20005
202-220-4200

## SCHEDULE A

## DEFINITIONS

The definitions included in Plaintiff's First Set of Requests for Production of Documents and Things, and Plaintiff's Second Set of Requests for Production of Documents and Things, are incorporated by reference.

## SUBJECTS OF TESTIMONY

1.     The amount of all the "time, money and other resources" that Ventana contends it has "invested" "in bringing products relating to the '861 patent to market," including without limitation the factual bases of such contentions, and the nature and identity of documents produced in response to Document Request No. 59. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

2.     The amount of "market share and revenue" Ventana contends it has lost as a result of the alleged infringing activities of Vision, including without limitation the factual bases of such contentions, and the nature and identity of documents produced in response to Document Request No. 60. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

3.     The amount of "market share and revenue" Ventana contends it will lose if Vision's alleged infringing activities are not enjoined, including without limitation the factual bases of such contention, and the nature and identity of documents produced in response to Document Request No. 61. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

4.     The factual bases of Ventana's contention that purchasers of devices allegedly covered by the '861 patent "usually enter into additional high-margin contracts for the sales of

reagents and other consumables, service, etc. for multi-year periods," including without limitation the nature and identity of all such contracts to which Ventana is or has been a party, the revenues and margins associated with each such contract, and the nature and identity of documents produced in response to Document Request No. 62. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

5.     The factual bases of Ventana's contention that "once purchasers have chosen an instrument [allegedly covered by the '861 patent], they are reluctant to switch," including without limitation the identity of any specific such purchasers, and the nature and identity of documents produced in response to Document Request No. 63. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

6.     The factual bases of Ventana's contention that Vision's alleged infringing activities if allowed to continue will have a "significant impact on Ventana's goodwill, market share, and present and future revenues from related products and services," including without limitation the nature and size of such "impact on Ventana's goodwill, market share, and present and future revenues from products and services, and the nature and identity of documents produced in response to Document Request No. 64. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

7.     The factual bases of Ventana's contention that "many of [Vision's] customers would have done business with Ventana" had Vision not been in the market, including without limitation the identity of Vision's customers Ventana contends would have purchased Ventana's instruments in lieu of instruments from other manufacturers, and the nature and identity of documents produced in response to Document Request No. 65. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

8.    The factual bases of Ventana's contention that the continuation of Vision's alleged infringing activities would "encourage others to infringe upon Ventana's exclusive patent rights," including without limitation the identity of any persons or entities Ventana contends would infringe and when, and the nature and identity of documents produced in response to Document Request No. 66.   *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

9.    The nature and identity of periodic internal sales and/or marketing reports that purport to assess, quantify, or evaluate Ventana's market share, revenues, profits, and competitors for devices alleged to be covered by the '861 patent, including without limitation the nature and identity of documents produced in response to Document Request No. 67.

10.    The amount of time that it historically has taken Ventana to deliver each of its allegedly patented devices to its customers, measured from the date each such device was ordered by the customer, for all such orders placed from June 2002 to the present, including without limitation the nature and identity of documents produced in response to Document Request No. 68.

11.    The factual bases of Ventana's contentions as to why monetary damages would be inadequate to compensate Ventana under the circumstances of this case should the accused devices be found to infringe the '861 patent, including without limitation the nature and identity of documents produced in response to Document Request No. 69.   *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

12.    The factual bases of Ventana's contention that the entry of a permanent injunction would be in the public's interest under the circumstances of this case should the accused devices be found to infringe the '861 patent, including without limitation the nature and identity of

documents produced in response to Document Request No. 70. *See* Ventana's Supplemental Response to Interrogatory No. 3 (dated June 8, 2007).

13.    All patent licensing agreements and amendments thereto, in force at any time from June 2002 to the present, and any other patent license agreements contemplated since 2002, to which Ventana has been a party, including but not limited to the amount of all payments paid or received by Ventana pursuant to such agreement during that time, and nature and identity of documents produced in response to Document Request Nos. 71.

14.    The identity of any device on sale in the United States from June 2002 to the present that Ventana contends infringes the '861 patent.

<u>**Certificate of Service**</u>

I hereby certify that the foregoing **NOTICE OF RULE 30(b)(6) DEPOSITION OF VENTANA MEDICAL SYSTEMS, INC.** was served via facsimile and overnight delivery on June 19, 2007, on the following individuals:

Nicole Stafford, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX  78759-8497
Facsimile:  512-338-5499

Brian L. Michaelis, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA  02111
Facsimile:  617-856-8201

DATE:       June 19, 2007

| **From:** | Kiltinen, Eric |
| **To:** | "nstafford@wsgr.com"; |
| **CC:** | "rshulman@wsgr.com"; "rchin@wsgr.com"; Ringel, Douglas; Sigworth, Ronald; |
| **Subject:** | Vision v. Ventana: Production Documents & Discovery Requests |
| **Date:** | Tuesday, June 19, 2007 7:28:51 PM |
| **Attachments:** | VBS-OCR169789-852.pdf |
| | VBS-OCR 0169479-A - 0169480-D.pdf |
| | 2007-06-19 Vision"s 3rd Document Requests.pdf |
| | 2007-06-19 30(b)(6) Notice to Ventana.pdf |
| | 2007-06-19 Kiltinen to Stafford.pdf |

Dear Ms. Stafford:

Pursuant to Ron Sigworth's e-mail earlier this evening, attached please find:

- Production documents VBS-OCR 169789-169852.
- Replacement pages VBS-OCR 0169479 A-H and 0169480 A-D.
- Vision's 3rd Set of Document Requests.
- A 30(b)(6) Deposition Notice to Ventana.

Hard copies will follow by FedEx.

Best regards,
Eric


**Eric J. Kiltinen** | Litigation Case Manager
**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4326 Phone | 202.220.4201 Fax
ekiltinen@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for

the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

FedEx | Ship Manager | Label

Page 1 of 1

From:  Origin ID: JPNA  (202)220-4318
Matthew Bourque
Kenyon & Kenyon
1500 K Street NW
Suite 700
Washington, DC, DC 20005

Ship Date: 19JUN07
ActWgt: 1 LB
System#: 9088482/INET7011
Account#: S *********

Delivery Address Bar Code

SHIP TO:  (650)493-9300     BILL SENDER

**Nicole W. Stafford**
**WILSON SONSINI GOODRICH & ROSATI**
**8911 Capital of Texas Highway North**
**Westech 360, Suite 3350**
**Austin, TX 78759**

Ref #   13497/1*BOUR03
Invoice #
PO #
Dept #





**STANDARD OVERNIGHT**                    **WED**

TRK#  **7982 0092 0022**   FORM 0201

Deliver By:
20JUN07

**AUS**        A1

**78759**  -TX-US

# XH MMRA

---

Shipping Label. Your shipment is complete.

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

From:    Origin ID: JPNA    (202)220-4318
Matthew Bourque
Kenyon & Kenyon
1500 K Street NW
Suite 700
Washington, DC, DC 20005



Ship Date: 19JUN07
ActWgt: 1 LB
System#: 9088482/INET7011
Account#: S *********

Delivery Address Bar Code

CLS02J0070 1/23

SHIP TO:    (617)856-8200        BILL SENDER
**Brian L. Michaelis, Esq.**
**BROWN RUDNICK BERLACK ISRAELS LLP**
**One Financial Center**

**Boston, MA 02111**

Ref #    13497/1*BOUR03
Invoice #
PO #
Dept #

**STANDARD OVERNIGHT**                    **WED**
                                          Deliver By:
TRK#  **7987  0078  6403**   FORM        20JUN07
                             0201
                                         **BOS**    A1

**02111**   -MA-US
RES                       **ZB BVYA**



---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2. Fold the printed page along the horizontal line.

3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



KENYON & KENYON LLP
Intellectual Property Law

1500 K Street, NW
Washington, DC 20005-1257
202.220.4200
Fax 202.220.4201

## <u>Fax Transmission</u>

| | | | |
|---|---|---|---|
| From: | **Matthew A. Bourque** | Date: | June 19, 2007 |
| Direct Dial: | 202.220.4318 | Fax: | 202.220.4201 |
| Client/Matter: | 13497.1 | Total number of pages: (including cover) | 15 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| **Nicole Stafford, Esq.** | **Wilson Sonsini Goodrich & Rosati** | **512-338-5499** | |
| **Brian L. Michaelis, Esq.** | **Brown Rudnick Berlack Israels LLP** | **617-856-8201** | |
| **Pamela Zorn Adams** | **Sherin & Lodgen LLP** | **617-646-2222** | |

Message:

Attached please find:

- Vision's Third Set of Requests for Production of Documents and Things
- Notice of Rule 30(b)(6) Deposition of Ventana Medical Systems, Inc.

☐ Original will not follow   ☒ Original will follow by   ☐ Regular Mail   ☒ Overnight Delivery   ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York    Washington, DC    Silicon Valley    www.kenyon.com

```
*************** -COMM. JOURNAL- ****************** DATE JUN-19-2007 **** TIME 19:01 ********

        MODE = MEMORY TRANSMISSION              START=JUN-19 18:51     END=JUN-19 19:01

        FILE NO.=150

 STN   COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.      PAGES    DURATION
 NO.

 001    OK          ☎9999#13497#1#15123385499#                   015/015  00:04:39
 002    OK      ◆ ☎9999#13497#1#16178568201#                     015/015  00:03:52
 003    OK      ◆ ☎9999#13497#1#16176462222#                     015/015  00:04:12


                                                     -KENYON & KENYON       -

 ***** UF-8000 v2 ****************** -AFE44900603    - ***** -     202 220 4201- *********
```



1500 K Street, NW
Washington, DC  20005-1257
202.220.4200
Fax 202.220.4201

## Fax Transmission

| | | | |
|---|---|---|---|
| From: | **Matthew A. Bourque** | Date: | June 19, 2007 |
| Direct Dial: | 202.220.4318 | Fax: | 202.220.4201 |
| Client/Matter: | 13497.1 | Total number of pages: (including cover) | 15 |

*Please deliver to:*

| Name | Company | Fax | Phone |
|---|---|---|---|
| Nicole Stafford, Esq. | **Wilson Sonsini Goodrich & Rosati** | 512-338-5499 | |
| Brian L. Michaelis, Esq. | **Brown Rudnick Berlack Israels LLP** | 617-856-8201 | |
| Pamela Zorn Adams | **Sherin & Lodgen LLP** | 617-646-2222 | |

Message:

    Attached please find:

- Vision's Third Set of Requests for Production of Documents and Things
- Notice of Rule 30(b)(6) Deposition of Ventana Medical Systems, Inc.

☐ Original will not follow  ☒ Original will follow by  ☐ Regular Mail  ☒ Overnight Delivery  ☐ Hand Delivery

The information contained in this facsimile transmission, including any attachments, is subject to the attorney-client privilege, the attorney work product privilege or is confidential information intended only for the use of the named recipient. If the reader of this Notice is not the intended recipient or the employee or agent responsible for delivering this transmission to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, so that we may arrange for its return or destruction at our cost. Thank you.

New York   Washington, DC   Silicon Valley   www.kenyon.com

**From:**       TrackingUpdates@fedex.com
**To:**         Bourque, Matthew;
**CC:**
**Subject:**    FedEx Shipment 798200920022 Delivered
**Date:**       Wednesday, June 20, 2007 10:10:59 AM
**Attachments:**

---

This tracking update has been requested by:

Company Name: Kenyon & Kenyon

Name:  Matthew Bourque

E-mail:  mbourque@kenyon.com

---

Our records indicate that the following shipment has been delivered:

Tracking number:              798200920022
Reference:                    13497/1*BOUR03
Ship (P/U) date:              Jun 19, 2007
Delivery date:                Jun 20, 2007 9:05 AM
Sign for by:                  K.OLSON
Delivered to:                 Receptionist/Front Desk
Service type:                 FedEx Standard Overnight
Packaging type:               FedEx Envelope
Number of pieces:             1
Weight:                       0.50 lb.

Shipper Information           Recipient Information
Matthew Bourque               Nicole W. Stafford
Kenyon & Kenyon               WILSON SONSINI GOODRICH & ROSATI
1500 K Street NW              8911 Capital of Texas Highway North
Suite 700                     Westech 360, Suite 3350
Washington, DC                Austin
DC                            TX
US                            US
20005                         78759

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 9:10 AM  CDT
on 06/20/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above, or visit us at <u>fedex.com</u>.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of  the request, the requestor's message, or the accuracy of this tracking update.  For tracking results and fedex.com's terms of use, go to <u>fedex.com</u>.

Thank you for your business.

**From:**  TrackingUpdates@fedex.com
**To:**   Bourque, Matthew;
**CC:**
**Subject:**  FedEx Shipment 798700786403 Delivered
**Date:**   Wednesday, June 20, 2007 9:10:22 AM
**Attachments:**

---

This tracking update has been requested by:

Company Name: Kenyon & Kenyon

Name:  Matthew Bourque

E-mail:  mbourque@kenyon.com

---

Our records indicate that the following shipment has been delivered:

```
Tracking number:              798700786403
Reference:                    13497/1*BOUR03
Ship (P/U) date:              Jun 19, 2007
Delivery date:                Jun 20, 2007 9:07 AM
Sign for by:                  R.DONOVAN
Delivered to:                 Mailroom
Service type:                 FedEx Standard Overnight
Packaging type:               FedEx Envelope
Number of pieces:             1
Weight:                       0.50 lb.

Shipper Information           Recipient Information
Matthew Bourque               Brian L. Michaelis, Esq.
Kenyon & Kenyon               BROWN RUDNICK BERLACK ISRAELS LLP
1500 K Street NW              One Financial Center
Suite 700                     Boston
Washington, DC                MA
DC                            US
US                            02111
20005

Special handling/Services:
Deliver Weekday
Residential Delivery
```

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 8:09 AM  CDT on 06/20/2007.

To learn more about FedEx Express, please visit our website at <u>fedex.com</u>.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above, or visit us at <u>fedex.com</u>.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of  the request, the requestor's message, or the accuracy of this tracking update.  For tracking results and fedex.com's terms of use, go to <u>fedex.com</u>.

Thank you for your business.